QUISENBERRY, n.k.a. Innskeep, Appellee,

v.

QUISENBERRY, Appellant.

[Cite as *Quisenberry v. Quisenberry* (1993), 91 Ohio App.3d 341.]

Court of Appeals of Ohio,
Clark County.

No. 2992.

Decided Oct. 28, 1993.

342

*Douglas B. Gregg,* for appellee.

*Richard E. Mayhall,* for appellant.

WOLFF, Judge.

Alan P. Quisenberry appeals from a judgment of the Clark County Court of Common Pleas finding him in contempt of court, ordering him to vacate his premises, and appointing a receiver to institute the sale of that premises.

The facts and procedural history of this case are as follows.

Kay A. Quisenberry, n.k.a. Kay A. Innskeep, and Alan P. Quisenberry were divorced pursuant to an agreed judgment entry and decree of divorce filed August 14, 1991. The portion of the divorce decree which is relevant to this appeal is the disposition of the marital residence, which stated:

"It is further ORDERED, ADJUDGED AND DECREED that [Mr. Quisenberry] is awarded the marital residence * * * subject to any indebtedness thereon. [Mr. Quisenberry] shall hold [Ms. Innskeep] harmless on any indebtedness on the real estate and [Ms. Innskeep] shall forthwith convey her interest in the marital residence by quitclaim deed."

On September 26, 1991, Innskeep filed a motion for contempt based on Quisenberry's failure to make the mortgage payments on the marital premises. Although Quisenberry was personally served with a copy of the motion and a notice of hearing, he failed to appear at the hearing held on November 1, 1991.

At the hearing, Innskeep testified that Quisenberry had a history of failing to pay the mortgage and that he was currently delinquent for the months of October and November. Innskeep further testified that as a result of his failure to pay the mortgage, she had been contacted at work by the mortgage company and that her application for at least one credit card had been denied. As a result of this testimony, the trial court found the motion to be well taken and indicated that counsel for Innskeep should prepare the appropriate entry.

On November 18, 1991, the trial court filed its entry and order which held that Quisenberry "has failed to comply with his obligation as set forth in the Final Judgment and Decree of divorce filed August 14, 1991 to be responsible for the mortgage obligation on the real estate [in question], and is therefore in contempt of the court order." The court then ordered Quisenberry to "cure and satisfy any delinquency, late fees and other charges and assessments due and owing pursuant to said mortgage, and [to] henceforth timely pay all installments and other charges and assessments in connection with said mortgage loan * * *." The court further ordered that should Quisenberry fail to comply with the court's order, the court would issue an order "upon affidavit and supporting documentation filed by [Innskeep], that [Quisenberry] immediately sell the real estate [in question], refinance the loan thereon, or otherwise relieve and remove [Innskeep] from any liability thereunder."

On December 18, 1991, Innskeep filed an affidavit stating that as of November 16, 1991, the mortgage remained in arrears, and requesting that the court order the immediate sale of the real estate. The trial court granted this request and ordered Quisenberry to sell the real estate, refinance the loan thereon, or otherwise relieve and remove Innskeep from liability.

On March 9, 1992, Innskeep filed a motion requesting the court to appoint a receiver, find Quisenberry in contempt of court, and order him to vacate the premises. On April 6, 1992, the trial court granted this motion.

On April 13, 1992, Quisenberry filed an objection to the appointment of a receiver on the basis that he had not been served pursuant to Civ.R. 4 and that the trial court lacked jurisdiction to make such orders. On June 30, 1992, the trial court overruled this objection.

Quisenberry appeals, asserting three assignments of error.

"I. Because the appellee's motion for appointment of receiver, contempt of court and order to vacate the premises was not served upon Mr. Quisenberry pursuant to Civ.R. 4.1 through 4.6, as required by Civ.R. 75(I), the trial court erred in sustaining that motion and ordering the appointment of receiver, finding Mr. Quisenberry in contempt and ordering him to vacate the premises."

In this assignment of error, Quisenberry asserts that the trial court lacked continuing jurisdiction to order the appointment of a receiver, to find him in contempt, or to order him to vacate his premises because he was not properly served with the motion requesting these specific actions. Specifically, Quisenberry asserts that Civ.R. 75(I) mandates that all motions invoking the continuing jurisdiction of the court be served in the manner provided for the service of process under Civ.R. 4 to 4.6, i.e., service by certified mail, personal service, residence service, or service by publication. Quisenberry contends that because he was served the motion requesting, *inter alia*, the appointment of a receiver by ordinary mail, the service was not in compliance with Civ.R. 4 and the court lacked continuing jurisdiction pursuant to Civ.R. 75(I) to order the appointment of a receiver and the sale of his residence.

We disagree.

Although Quisenberry categorizes Innskeep's motion as an attempt to invoke the continuing jurisdiction of the court pursuant to Civ.R. 75(I), such is not the case. All of the motions filed by Innskeep requested that the court take action to require Quisenberry to fulfill his divorce decree obligation to hold her harmless as to the debt on the residence. Therefore, these motions sought the enforcement, not the modification, of the original divorce decree, and invoked the trial court's inherent power to enforce its judgments and not its limited continuing jurisdiction in divorce actions. See *Record Publishing Co. v. Kainrad* (1990), 49

Ohio St.3d 296, 300, 551 N.E.2d 1286, 1290; *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 194, 9 OBR 505, 507, 459 N.E.2d 870, 872. But, see, *Hughes v. Hughes* (1991), 72 Ohio App.3d 286, 289, 594 N.E.2d 653, 655. Thus, Civ.R. 75(I) and its mandate that service of process be in compliance with Civ.R. 4 to 4.6 are inapplicable to this case.

■ Inasmuch as there is no specified manner of process required for the filing of a motion for civil contempt, a person serving such a motion may do so in any manner authorized by the Ohio Rules of Civil Procedure. Specifically, because a motion for contempt is a written motion as contemplated by Civ.R. 5, process may be served in accordance with the methods permitted by that rule, *i.e.,* by delivery, facsimile transmission, or ordinary mail service to the party or attorney representing that party. Moreover, although it is not required, we see no reason why service of process could not be made in compliance with the more stringent methods authorized by Civ.R. 4, listed *supra.*

■ In this case, the original motion for contempt was personally served on Quisenberry, in compliance with Civ.R. 4.1(2). All subsequent motions were sent to him by ordinary mail, in compliance with Civ.R. 5(B). Therefore, all of the motions filed by Innskeep were properly served and the trial court had jurisdiction to consider these motions.

The first assignment of error is overruled.

"II. The trial court erred when, by order dated December 18, 1991, it ordered Mr. Quisenberry to sell the subject real estate, refinance the loan thereon or otherwise relieve and remove the appellee from liability, because that order was not supported by the evidence and was entered without proper notice to Mr. Quisenberry."

■ In this assignment of error, Quisenberry asserts that the trial court erred in its December 18, 1991 order requiring him to sell his residence, refinance the loan thereon, or otherwise relieve Innskeep from liability because this order was in response to an improper motion, which was not properly served upon him, and which did not include any supporting documentation.

In its November 18, 1991 order, the trial court stated that should Quisenberry fail to comply with its order to cure any delinquency as to the mortgage and to timely pay all future installments, it would order, upon affidavit and supporting documentation filed by Innskeep, that Quisenberry immediately sell the real estate, refinance the loan thereon, or otherwise relieve and remove Innskeep from any liability.

On December 18, 1991, Innskeep filed the required affidavit which stated that as of November 16, 1991, the loan remained in a delinquent status and requested that the court order the immediate sale of the real estate.

Although this affidavit was requested by the court as the proper method to secure further court action should Quisenberry fail to fulfill his obligation to pay the mortgage, it is not the proper method authorized by the Civil Rules. Civ.R. 7(B)(1) requires that applications for court orders shall be made by motion, not by affidavit. No motion was filed in conjunction with the affidavit and the caption of the affidavit nowhere indicated that it was to be construed as a motion. Therefore, we agree with Quisenberry that the trial court erred in requiring Innskeep to file an affidavit rather than a proper motion.

■ Quisenberry is also correct in his assertion that he should have been served with either a motion requesting that the trial court order the sale of the residence or Innskeep's affidavit if the trial court chose to treat the affidavit as a motion. Civ.R. 5(A) requires, *inter alia*, that every written motion other than one which may be heard *ex parte* and any similar paper shall be served upon each of the parties. The affidavit was not served upon Quisenberry, and hence the requirements of Civ.R. 5(A) were not met.

■ Despite these errors as to form and service, we find that Quisenberry was not prejudiced by the trial court's order requiring him to sell his residence or otherwise remove Innskeep from liability. Quisenberry does not argue that had the affidavit been properly filed in the form of a motion or had that motion been properly served, he would have been able to prove that he was not delinquent as to the mortgage payments and that he had complied with the trial court's November 18, 1991 order. Rather, Quisenberry merely argues that the affidavit, without the required supporting documentation, was insufficient proof of his failure to comply with the court's order to cure the mortgage delinquency. This argument is without merit.

While the November 18, 1991 order did specifically state that the court would issue an order of sale "upon affidavit and supporting documentation filed by [Innskeep]," we see no reason why the trial court could not order the sale upon the filing of her affidavit alone. Had the court felt that supporting documentation was needed to substantiate her claim that the mortgage payments remained delinquent, it could have overruled the motion on that basis. In granting the "motion," the trial court acknowledged that it did so on the basis of Innskeep's affidavit and, therefore, implicitly found that the affidavit presented sufficient evidence from which it could be determined that Quisenberry had failed to comply with the November 18, 1991 order. Indeed, Quisenberry has never

asserted, either in the trial court or in this court, that he was not delinquent at all times germane to this appeal.

As we are unable to see how Quisenberry was prejudiced by the trial court's errors as to form and service, we find that these errors were harmless. See *Cincinnati v. Cincinnati Dist. Council 51* (1973), 35 Ohio St.2d 197, 64 O.O.2d 129, 299 N.E.2d 686.

Accordingly, the second assignment of error is overruled.

"III. Even if its jurisdiction was properly invoked, a [*sic*] trial court abused its discretion in ordering the real estate sold by a receiver and ordering Mr. Quisenberry to vacate the residence."

■ In this assignment of error, Quisenberry asserts that the trial court abused its discretion in ordering the sale of his residence because (1) the divorce decree did not require him to make timely mortgage payments and (2) the order requiring him to cure the mortgage delinquency by November 15, 1991 was fatally defective because it was filed on November 18, 1991 and did not give him any opportunity to cure his delinquency. We will consider each of these allegations in turn.

■ Ohio law clearly establishes that a judgment may be interpreted if it is ambiguous. If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute. See *Studley v. Studley* (1986), 32 Ohio App.3d 1, 5, 513 N.E.2d 811, 815 (Patton, J., dissenting); *In re Dissolution of Marriage of Seders* (1987), 42 Ohio App.3d 155, 536 N.E.2d 1190. "An interpretive decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion." *Id.* at 156, 536 N.E.2d at 1192, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

In this case, Quisenberry asserts that the divorce decree did not specifically require him to make timely mortgage payments and that it merely required him to "hold [Innskeep] harmless on any indebtedness on the real estate." Quisenberry concedes that the term "hold harmless" is not defined in the divorce decree, but argues that the term merely imports an obligation to indemnify and does not impose a duty to make timely mortgage payments. Innskeep, not surprisingly, argues that the clear import of holding someone harmless includes a duty to protect that person from any and all negative effects of one's actions.

Based on the fact that the term "hold harmless" was not defined in the divorce decree and because the parties interpret the term differently, the trial court could have reasonably determined that there was a good faith confusion as to the

extent of Quisenberry's obligation in reference to the residence. Therefore, the trial court, in enforcing the decree, was required to determine whether Quisenberry's obligation included the timely payment of the mortgage. Apparently, the trial court found that the divorce decree imposed this obligation on Quisenberry, and we cannot say that it abused its discretion in doing so.

In its November 18, 1991 order requiring Quisenberry to fulfill his obligation by curing the mortgage delinquency and by paying future mortgage installments in a timely manner, the trial court ordered Quisenberry to cure the mortgage delinquency by November 15, 1991. As the compliance deadline preceded the filing of the order by three days, it was impossible for Quisenberry to comply with the court's order before the established deadline, and the court would have committed prejudicial error had it penalized him for his failure to do the impossible. However, no action was taken in response to his failure to comply with the court's order until December 18, 1991 when the court ordered that he sell the residence or otherwise relieve Innskeep from liability. Clearly, Quisenberry could have paid the delinquent mortgage payments sometime after November 18, 1991 and before December 18, 1991, and he would have been in substantial compliance with the order. This he did not do. In fact, the record indicates that the mortgage remained in arrears in April 1992 when the trial court finally ordered that a receiver be appointed and that Quisenberry vacate the residence.

For the aforementioned reasons, the third assignment of error is overruled.

The judgment of the Clark County Court of Common Pleas will be affirmed.

*Judgment affirmed.*

FAIN, J., concurs.

GRADY, P.J., dissents.

GRADY, Presiding Judge, dissenting.

I respectfully dissent from the decision of the majority concerning the first and second assignments of error.

The trial court's order to sell Quisenberry's house deprived him of a substantial property right. That order constitutes a modification of the prior divorce decree, and Quisenberry was entitled to notice of the prospect of that additional relief and an opportunity to be heard concerning it.

Neither Innskeep's September 21, 1991 motion for contempt nor the trial court's recitation in its November 18, 1991 entry that it *might* order Quisenberry to sell his house should he fail to purge his contempt constitutes proper notice. The court may order Quisenberry to purge himself of the contempt, but it may

**350**

not order his house sold to cure the contempt without notice to him of the premises that occasioned it. The court found those premises in the subsequent affidavit of Innskeep, which it considered *ex parte*. This sequence of events fails to comport with due process, which requires that a person whose rights are to be adjudicated be given notice of any proceeding to do that and an opportunity to be heard concerning the causes alleged and the relief requested.

It may be that Quisenberry cannot show that he could have cured his contumacious conduct otherwise when he allowed this debt to accrue. However, he is entitled to a right to do so. More important, his failure to demonstrate on appeal *how* he could do so cannot make this fundamental due process error harmless for lack of prejudice.

I would reverse and remand.