OPINION
This appeal is taken from a final judgment of the Domestic Relations Division of the Lake County Court of Common Pleas. Appellant, Gary G. LaTour, challenges the trial court's determination that appellee, Lenora M. LaTour, is entitled to one-half of the current value of a profit sharing plan he had with his former employer. For the reasons that follow, we affirm the judgment of the trial court.
The parties to this appeal were granted a divorce on September 30, 1980. As part of the final divorce decree, the trial court divided a profit sharing plan appellant had with his then employer, Lubrizol. Specifically, the following provision was included in the decree:
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the profit sharing plan with Lubrizol with an approximate value of $15,167.53, shall be divided equally between plaintiff and defendant when it is paid out."
 On February 22, 1999, appellee filed with the trial court a motion to clarify the September 30, 1980 divorce decree with respect to the division of appellant's profit sharing plan. The trial court conducted a hearing on appellee's motion on November 4 and November 5, 1999.
At the beginning of the proceedings, the parties stipulated that the actual value of the profit sharing plan on December 31, 1977, the date used to determine the plan's value for purposes of the divorce, was actually $23,674.85, rather than the $15,167.53 figure found by the trial court in the divorce decree. The parties also agreed that as of August 13, 1999, the plan had increased in value to $223,651.02.
During the two-day hearing, both sides called witnesses to testify, including the judge who presided over the divorce, and entered exhibits into the record. After considering the evidence, the trial court issued a judgment entry on March 31, 2000, in which it found that the profit sharing clause was ambiguous, and that the admission of parol evidence was necessary to clarify the ambiguity and to interpret the intent of the divorce decree. The trial court went on to conclude that although the judge who had originally presided over the case clearly intended to give appellee one-half of the determined value as of December 31, 1977, his intent was inconsistent with the other equities involved in the case. As a result, the trial court granted appellee's motion to clarify and determined that she was entitled to one-half of the original $23,674.85, or $11,837.43, plus the amount by which her portion of the profit sharing plan had increased over the years, for a total of $111,825.51.
From this judgment, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the trial court impermissibly modified the terms of the divorce decree by altering the prior property division in relation to his profit sharing plan.
R.C. 3105.171(I) provides that "[a] division or disbursement of property * * * made under this section is not subject to future modification by the court." As a result, a trial court generally does not have jurisdiction to modify the division of property in a divorce unless the decree contains an express reservation of continuing jurisdiction.Reynolds v. Reynolds (Dec. 8, 2000), Ashtabula App. No. 2000-A-0006, unreported, 2000 WL 1804213, at 2. See, also, Wolfe v. Wolfe (1976),46 Ohio St.2d 399, paragraph one of the syllabus.
However, a trial court does have the inherent power to clarify a prior judgment. Hughes v. Hughes (May 9, 1997), Portage App. No. 96-P-0196, unreported, 1997 WL 599589, at 2. For example, "[i]f there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute."Quisenberry v. Quissenberry (1993), 91 Ohio App.3d 341, 348. See, also,McKinney v. McKinney (2001), 142 Ohio App.3d 604, 608-609.
When interpreting an ambiguous judgment, the trial court is vested with the discretion to clarify the confusing language by considering the intent of the parties and the equities involved in the case. Morgan v.Morgan (1998), 127 Ohio App.3d 142, 149. A determination that a decree is or is not ambiguous will be overturned on appeal only if the trial court abused its discretion. Quisenberry at 348; Bond v. Bond (1990),69 Ohio App.3d 225, 228. An abuse of discretion connotes more that a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
Turning to the case at bar, the trial court concluded that the provision involving the distribution of appellant's profit sharing plan was ambiguous because the dollar amount referenced in the provision could be interpreted as either a noun or an adjective. That is, if, as appellant argues, it were a noun, appellee would be entitled to one-half of the plan's value as of the time of the parties' divorce. However, if the dollar amount were an adjective that described a noun, i.e., the profit sharing plan, appellee would receive one-half of the plan's value at the time it is paid out to appellant.
We disagree with the trial court and conclude that the provision for distributing appellant's profit sharing plan is not ambiguous. However, in accordance with the unambiguous language of the divorce decree, we agree with the trial court that appellee is entitled to the total amount her portion of the profit sharing plan increased in value, or $111,825.51.[1] This is particularly so when there was no evidence that the appreciation on the original investment was anything other than passive.
There is no question that appellant's profit sharing plan was marital property subject to an equitable division. The original trial court recognized this and awarded appellee one-half of the plan's value. Moreover, there is nothing unclear about the manner in which the trial court set the value of the profit sharing plan, or the amount appellee was entitled to receive. In fact, the method used by the trial court to allocate the parties' respective interests in the plan is actually quite clear.
Simply because one party now disagrees with the manner in which the profit sharing plan is to be distributed once it becomes vested, does not mean there is an ambiguity in the divorce decree. The judgment entry clearly states that the profit sharing plan "shall be divided equally * * * when it is paid out." There is nothing in that particular provision which limits the divisible amount to the value of the plan at the time of the divorce. Rather, the dollar value assigned to the plan acts as an adjective describing the plan.
Because we conclude that the provision distributing appellant's profit sharing plan is unambiguous, the trial court harmlessly erred in allowing parol evidence to be introduced during the hearing. As a result, despite the testimony of the original judge who presided over the case, i.e., he intended to give appellee only one-half of the determined value as of December 31, 1977, this testimony is irrelevant and inadmissible. Nevertheless, given our conclusion that appellee is entitled to the total amount her portion of the plan increased in value, such error is harmless.
Based on the foregoing analysis, appellant's sole assignment of error is not well-taken. The judgment of the trial court is, therefore, affirmed.
JUDGE JUDITH A. CHRISTLEY, O'NEILL, P.J., NADER, J., concur.
[1] Appellant argues that even if appellee is entitled to the increased value, the trial court miscalculated the amount that she is due. However, after reviewing the trial court's judgment, it appears that appellant has misinterpreted the court's intent when it divided the profit sharing plan. Clearly, both parties are only entitled to one-half of the plan's value at the time it is paid out, which comes to $111,825.51.