DECISION AND JUDGMENT ENTRY
{¶ 1} Linda D. Monfredo appeals the Lawrence County Court of Common Pleas' decision finding that its divorce decree did not include the division of a Thrift Savings Plan within its scope. Because a trial court's interpretation of its own decree is a matter within the trial court's discretion, and because we cannot find that the trial court's determination was arbitrary, unreasonable, or unconscionable, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The trial court issued a "JUDGMENT ENTRY — DIVORCE DECREE" between the parties on May 14, 1997. The decree included the following language:
"Plaintiff shall receive a fifty percent (50) share of all existing pensions of Defendant and a QDRO or applicable order shall issue for her share. The Defendant shall provide to the plaintiff copies of the annual statements of the 401(k) and/or pension plans and shall also provide notice to the plaintiff of any investment changes."
¶ 3 Monfredo filed a motion for a hearing on the matter of Hillman's pension and the issuance of a QDRO in accordance with the court's 1997 divorce decree with regard to Hillman's Thrift Savings Plan. After a hearing on the motion during which the magistrate heard the statements of counsel for Monfredo and Hillman, the magistrate found that Hillman had depleted the funds in his Thrift Savings Plan. The magistrate further found that the terms contained in the divorce decree clearly demonstrate that the parties intended to include the Thrift Savings Plan in the division of Hillman's pension monies.
 {¶ 4} Hillman filed objections to the magistrate's decision. Monfredo filed a memorandum contra Hillman's objections, and attached a government-issued publication entitled "Thrift Savings Plan Information About Court Orders." The government publication describes a Thrift Savings Plan as "a retirement savings and investment plan for Federal employees which was established by Congress in the Federal Employees' Retirement System Act of 1986 (FERSA). It is a defined contribution, cash or deferred arrangement similar to 401(k) plans for private sector employees * * *."
 {¶ 5} The trial court held a hearing on the objections. Hillman's counsel informed the court that Hillman had previously submitted the divorce decree to the Federal Retirement Thrift Investment Board. The board distributed his Thrift Savings Plan monies to him only after it determined that Monfredo was not entitled to a share.
 {¶ 6} The court found "that the Thrift Savings Plan is not a pension account as set forth in paragraph 11 of the parties' divorce decree." Therefore, the trial court overruled the magistrate's decision and ruled in favor of Hillman.
 {¶ 7} Monfredo appeals, asserting the following assignment of error: "The trial court erred in finding that the thrift savings plan was not a pension account, as the term was used in the parties' divorce decree."
 II. {¶ 8} Monfredo contends that we should review the trial court's decision de novo, while Hillman contends that we may reverse the trial court's decision only if the trial court abused its discretion.
 {¶ 9} In reviewing the trial court's interpretation of an ambiguous divorce decree, we distinguish "between divorce decrees that incorporate separation agreements and divorce decrees that only contain terms ordered by a court." Collette v. Collette (Aug. 22, 2001), Summit App. No. 20423, quoting Keeley v. Keeley (July 21, 1997), Clermont App. No. CA97-02-013. When a separation agreement has been incorporated into a divorce decree, the intent of the parties is key and the normal rules of contract construction apply. Collette, citing Kelly v. Med. Life Ins.Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus; Rodgers v.Rodgers (Apr. 11, 2001), Summit App. No. 20242; Keeley, supra. The construction of a written contract is a matter of law, which we review without deference to the trial court's determination. Alexander v.Buckeye Pipeline Co. (1978) 53 Ohio St.2d 241, paragraph one of the syllabus. However, when the divorce decree contains terms ordered by the trial court, the court's interpretation or clarification of what it intended in the decree is within the court's discretion. Quisenberry v.Quisenberry (1993), 91 Ohio App.3d 341, 348; Collette; Keeley.
 {¶ 10} In this case, the record indicates that the divorce decree was ordered by the court and did not incorporate a separation agreement. The record contains no separation agreement, and the divorce decree is styled "JUDGMENT ENTRY — DIVORCE DECREE." In contrast, the court's subsequent entry changing custody of one of the parties' children is styled "AGREED JUDGMENT ENTRY." Of the nineteen paragraphs in the divorce decree relating to the parties' property and real estate, only one indicates any degree of agreement between the parties, and it relates only to the parties' household goods and furnishings. Because the record contains no indication that the divorce decree incorporated a settlement agreement between Monfredo and Hillman, the abuse of discretion standard of review applies.
 {¶ 11} An abuse of discretion involves more than an error of judgment; it implies an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138;Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 12} Although we disagree with the trial court's interpretation of the divorce decree in this case, we cannot say that the trial court's determination is unreasonable, unconscionable, or arbitrary. Because the record contains support for the trial court's decision, we decline to rule that the decision constitutes an abuse of discretion.
 {¶ 13} In particular, the record reflects that the divorce decree specifically relates to "401(k) and/or pension plans." The federal government publication Monfredo introduced into evidence[2] describes Thrift Savings Plans as "similar to 401(k) plans," but stops short of describing them as identical to 401(k) plans. Additionally, the record reflects that the section of the publication entitled "What is the Thrift Savings Plan (TSP)?" does not contain the word "pension." These definitions provide some support for the trial court's determination that it did not intend to refer to the Thrift Savings Plan when it used the term "pension plan" in its original decree.
 {¶ 14} Moreover, the government publication Monfredo introduced into evidence delineates the specific language that a court order relating to a Thrift Savings Plan must contain. For the Federal Retirement Thrift Investment Board to honor a court order allegedly relating to a Thrift Savings Plan, the court order must actually contain the name "Thrift Savings Plan;" more generic terms such as "all retirement benefits" will not suffice.[3] In this case, the court order does not contain the required language or the term "Thrift Savings Plan."
 {¶ 15} While we recognize that the question of whether the federal government would honor the language in the divorce decree is not an issue in this case, we also recognize that evidence illustrating that the federal government would interpret the divorce decree in the same way that the trial court did constitutes support for Hillman's contention that the trial court's interpretation is not arbitrary, unreasonable, or unconscionable.
 {¶ 16} Based upon all of this information, we cannot find that the trial court abused its discretion in interpreting its original decree to exclude Hillman's Thrift Savings Plan from its scope. We decline to find that the trial court, in employing reasoning consistent with that contained in parallel written federal guidelines, acted in a manner that is arbitrary, unreasonable, or unconscionable. Therefore, the trial court did not err in ruling that Monfredo is not entitled to a share of Hillman's Thrift Savings Plan. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Evans, P.J.: Dissents.
Harsha, J.: Concurs in Judgment only with Opinion.
[2] Contrary to Hillman's assertion that the trial court cannot consider any evidence not introduced at the hearing before the magistrate, the trial court properly accepted the government publication as additional evidence pursuant to Civ.R. 53(E)(4)(b).
[3] We recognize that the decree, in stating that a QDRO or other applicable order would issue for Monfredo's share, left open the possibility that a subsequent order would have contained the necessary Thrift Savings Plan language. However, the fact that no decree containing the necessary language was ever actually issued is nonetheless of some limited persuasive value.