[Cite as *Jackson v. Jackson*, 2013-Ohio-1422.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| DEREK JACKSON | JUDGES:<br>Hon. Patricia A. Delaney, P. J.<br>Hon. John W. Wise, J.<br>Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 12 CA 0008 |
| PATRICIA K. JACKSON | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2008 DR 00016


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 8, 2013


APPEARANCES:

For Plaintiff-Appellant

RANDY S. KUREK
155 West Main Street
Suite 100
Columbus, Ohio  43215

For Defendant-Appellee

RANDALL D. FULLER
BURKAM FULLER & HERZOG
43 East Central Avenue
Delaware, Ohio  43015

*Wise, J.*

{¶1} Plaintiff-Appellant Derek Jackson appeals from the decision of the Court of Common Pleas, Morrow County, which ruled upon several post-divorce decree motions. Defendant-Appellee Patricia K. Jackson is appellant's former spouse. The relevant facts leading to his appeal are as follows.

{¶2} Appellant Derek and Appellee Patricia were married in 2001. One child, G.J., was born of the marriage in 2004. On January 11, 2008, Derek filed a complaint for divorce. A final hearing was commenced on May 26, 2009. By judgment entry decree of divorce filed November 5, 2009, the trial court granted the parties a divorce. Derek appealed to this Court; on October 5, 2010, we reversed the trial court's decision as to certain child support issues, but otherwise affirmed. *See Jackson v. Jackson*, Morrow App.No. No. 09CA0013, 2010-Ohio-4912.

{¶3} Derek thereafter filed a motion for clarification as to the amounts of money the parties still owed each other. He also filed a motion to modify child support. Patricia filed contempt motions pertaining to Derek's provision of health insurance for G.J. and the issue of the sale of certain rental real estate. The trial court conducted an evidentiary hearing on these motions on November 2, 2011. A judgment entry was issued by the court on March 9, 2012. The court ordered, inter alia, child support in the amount of $719.26 per month retroactive to April 11, 2011.[1] The court further made orders pertaining to unresolved issues of property division, as further discussed infra.

{¶4} On April 9, 2012, Appellant Derek filed a notice of appeal. He herein raises the following four Assignments of Error:

---

[1] The judgment entry (at page 7) appears to have a scrivener's error, as it states "Defendant" is to pay the child support.

{¶5}   "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ISSUED A DECISION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN DETERMINING CHILD SUPPORT.

{¶6}   "II. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ISSUED A DECISION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS IT RELATES TO THE INCOME AND EXPENSES FOR THE RENTAL PROPERTY, AND BASING ITS DECISION ON 'EVIDENCE' PRESENTED AFTER THE HEARING.

{¶7}   "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADOPTING A SHARED PARENTING PLAN THAT HAD NEVER BEEN SIGNED BY EITHER PARTY, AND HAD NEVER BEEN ACKNOWLEDGED BY EITHER PARTY THAT THE PLAN REFLECTED THEIR AGREEMENT.

{¶8}   "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ISSUED A DECISION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS IT RELATES TO THE SALE OF THE RENTAL PROPERTY, AND BASING ITS DECISION ON 'EVIDENCE' PRESENTED AFTER THE HEARING."

I.

{¶9}   In his First Assignment of Error, Appellant Derek contends the trial court erred in its recalculation of child support. We disagree.

{¶10}   In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined that the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*

(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010-Ohio-3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911.

**{¶11}** Derek first specifically maintains that the trial court erroneously utilized Patricia's 2010 income figure of just $19,756.00, a figure that had dropped substantially vis-à-vis her previous annual incomes. Derek herein asserts that a three-year average for her income would be approximately $46,000.00 per year. See Appellant's Brief at 5. Derek further points out that Patricia, a self-employed real estate broker, did not present year-to-date income for 2011, even though the hearing at issue was conducted in November 2011. We note the trial court determined that "there has been a substantial drop in real estate sales and [Derek] offered no evidence to the contrary." Judgment Entry, March 9, 2012, at 7. The court further ordered both parties to submit to the court and each other, on or before April 1, 2012, copies of their 2011 federal tax returns (*Id.* at 7), thus setting the stage for a potential support modification proceeding. Upon review, we do not find the court's ruling as to Patricia's income level constituted an abuse of discretion.

**{¶12}** Derek secondly challenges the court's incorporation of Patricia's work-related child care expenses into the worksheet, even though Patricia allegedly did not properly document such costs. However, Patricia provided in-court testimony on the issue, against which she was cross-examined by Derek's counsel. Patricia also

provided an exhibit detailing unpaid or unreimbursed costs pertaining to the parties' child. *See* Tr. at 196. Upon review, we again do not find the court's ruling in this regard constituted an abuse of discretion.

{¶13} Appellant's First Assignment of Error is overruled.

II.

{¶14} In his Second Assignment of Error, Appellant Derek contends the trial court erred in ruling on issues pertaining to the parties' rental property by allegedly relying on information presented after the evidentiary hearing. We disagree.

{¶15} The admission or exclusion of evidence rests in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180. As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. *State v. Oman* (Feb. 14, 2000), Stark App.No. 1999CA00027. Furthermore, a presumption of regularity attaches to all trial court proceedings. *See, e.g., Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763.

{¶16} The rental property at issue was addressed in the parties' 2009 divorce decree as follows:

{¶17} "6. Neither party wants the rental property at 264 and 264-1/2 West High Street, Mt. Gilead, Ohio 43338. The property shall be sold at Public Auction, forthwith. Both parties will share any profits or losses equally, after payment of expenses. Pending said auction, each party shall be responsible for one-half of the monthly mortgage payment and entitled to one-half (1/2) any rental payments. If either party should want

the property, the court finds the value to be $82,000. The equity would be determined as of May 2009."

**{¶18}** Divorce Decree, November 5, 2009, at 5.

**{¶19}** After the trial court conducted its November 2, 2011 hearing on the "clarification" and contempt motions, leading to the judgment entry presently under appeal, the court determined that Patricia had provided a "break-down of the payments and expenses of the rental property" showing her expenses to be $7,220.77. Judgment Entry, March 9, 2012, at 5. As a result, Derek was found to owe Patricia $3,610.39 for his half of said expenses, and Derek was further found in contempt of court, based in part on his failure to pay such expenses. *Id.* at 5, 6.

**{¶20}** Derek's essential argument herein is that the trial court improperly gleaned the evidence leading to the above determination by relying on post-hearing documents and memoranda. We note the trial court judge, perhaps understandably expressing a certain level of exasperation with the ongoing post-decree discord, stated as follows near the end of the November 2, 2011 proceedings:

**{¶21}** "The court: I understand that. How would I make a decision on that? I mean, just get me the facts. Remember what Joe Friday said, 'Just the facts, ma'am.'

**{¶22}** "Just give me your accounting, like, of what the rentals were, the vacancies, et cetera, the amount paid, amount Derek paid. I mean, I just want to treat both of you fair, but I'm sitting back here and my head is swimming [with] all these things that you guys have experienced.

**{¶23}** "And, you know, all I care about is, you know, like some people have to take care of their lives, and you can't expect the court to unwind everything, for crying

out loud.  All I wanted you to do until that was done is just split the expenses, because you couldn't agree on anything.

{¶24}  "So if you can get that and the income and the K-1s."

{¶25}  Tr. at 244-245.

{¶26}  The record does not indicate that either party objected to such post-hearing review by the trial court. Accordingly, we find Appellant Derek has failed to overcome the presumption of regularity afforded to the trier of fact under the circumstances of the case sub judice.

{¶27}  Appellant's Second Assignment of Error is overruled.

III.

{¶28}  In his Third Assignment of Error, Appellant Derek contends the trial court erred in adopting the shared parenting plan.

{¶29}  In *Torch v. Torch* (June 19, 1996), Tuscarawas App.No. No. 95AP060041, 1996 WL 363429, we held as follows: "The thrust and philosophy of the shared parenting scheme in Ohio is to permit the parents to participate jointly in determining a satisfactory plan that is livable to *all* parties. By statute, the legislature placed the responsibility of proposing a shared parenting plan on the parties, not the trial court. A trial court is not given the authority to force shared parenting when none has been requested." (Emphasis in original). *See, also*, *Stalnaker v. Stalnaker* (Dec. 20, 1999), Stark App.No. 1999CA00059, 2000 WL 1676.

{¶30}  The procedural background of the shared parenting plan in this matter is somewhat muddled. The trial court originally adopted by reference the parties' proposed shared parenting plan (with the exception of certain stated child support arrearages),

which contained approval signatures of each side's trial counsel, and thus made it an order within the 2009 divorce decree, even though Derek and Patricia had not personally signed the plan. As noted in our recitation of facts, Derek appealed the divorce decision; however, he did not include in his appeal any issues concerning the shared parenting plan.

{¶31} In the judgment entry presently under appeal, the trial court recalled that the parties had both agreed to the plan in open court in 2009, although at that time the recording machine was not operating. Derek and Patricia apparently thereafter generally followed the plan until it became an issue in the 2011 post-decree proceedings. See Judgment Entry, March 9, 2012, at 5-6. The trial court ultimately held that the shared parenting plan in the file would be approved and adopted as the parties' plan, "nunc pro tunc to October 22, 2009 ***." *Id.* at 7.

{¶32} Under these circumstances, we find Derek's challenge in this appeal to the shared parenting plan is untimely, and we therefore need not further consider the applicability of our above precedent from *Torch* and *Stalnaker.*

{¶33} Appellant's Third Assignment of Error is overruled.

IV.

{¶34} In his Fourth Assignment of Error, Appellant Derek argues the trial court erred in ruling on the issue of the sale of the parties' rental property, in part by allegedly relying on information presented after the evidentiary hearing. We disagree.

{¶35} As mentioned in our redress of the second assigned error, *supra*, the parties' divorce decree states that "[i]f either party should want the [rental] property, the court finds the value to be $82,000. The equity would be determined as of May 2009."

Divorce Decree, November 5, 2009, at 5. Derek presently contends that the divorce decree thus clearly mandates that if either party wanted to purchase the marital residence, the purchase price would be $82,000.00. Instead, the record indicates that Derek refused to sign the listing agreement, purportedly because Patricia was seeking to gain her own commission on the sale. An auction was finally accomplished in 2011, resulting in a sale price of $42,000.00.

{¶36} In the judgment entry under appeal, the trial court stated that the reason for its inclusion of the $82,000.00 figure in the decree was that " *** the court felt that one of the parties may buy the property soon after the [divorce] hearing due to the real estate market decline." Judgment Entry, March 9, 2012, at 4. The court further found the auction purchase by Patricia was a proper arms length transaction and thereafter concluded:

{¶37} "The amount owed on the rental property was $67,709.76, leaving a balance of $25,709.76 after deducting the purchase price of $42,000.00. Therefore, Plaintiff owes Defendant $12,854.80 plus one half the closing costs. The Defendant shall submit a copy of those closing costs to the court and Plaintiff within 10 days of this Entry and/or when the closing has occurred."

{¶38} Judgment Entry, March 9, 2012, at 5.

{¶39} Where there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court has the power to clarify its decree via a hearing, and an appellate court reviews such an interpretive decision under a standard of review of abuse of discretion. *See Wilkins v. Lorenz*, Tuscarawas App.No.

2008 AP 03 0012, 2009-Ohio-107, ¶18, citing *Quisenberry v. Quisenberry* (1993), 91 Ohio App.3d 341, 348, 632 N.E.2d 916 (additional citations omitted).

**{¶40}** Upon review, we hold the trial court's thorough consideration of the details of the rental property sale and of the meaning of its own decree did not constitute an abuse of discretion.

**{¶41}** Appellant's Fourth Assignment of Error is therefore overruled.

**{¶42}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Domestic Relations Division, Morrow County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0314

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DEREK JACKSON                              :
                                           :
        Plaintiff-Appellant               :
                                           :
-vs-                                       :             JUDGMENT ENTRY
                                           :
PATRICIA K. JACKSON                        :
                                           :
        Defendant-Appellee                :             Case No. 12 CA 0008


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Morrow County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____

                                                        JUDGES