[Cite as *Landry v. Landry*, 2017-Ohio-564.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JIMMY LANDRY | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27209 |
| | : | |
| v. | : | Trial Court Case No. 2006-DR-220 |
| | : | |
| CYNTHIA LANDRY | : | (Domestic Relations Appeal |
| | : | from Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 17th day of February, 2017

. . . . . . . . . .

DAVID M. McNAMEE, McNamee Law Office, LLC, 2625 Commons Boulevard, Suite A, Beavercreek, Ohio 45431-3704
        Attorney for Plaintiff-Appellant

L. ANTHONY LUSH, Atty. Reg. No. 0046565, Rogers & Greenberg, LLP, 40 North Main Street, Suite 2160, Dayton, Ohio 45423
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Jimmy Landry appeals from a trial court's overruling of his motion to

terminate spousal support. Finding no error, we affirm.

## I. Background

{¶ 2} Jimmy and his former wife, Cynthia Landry, were married in 1978 and divorced in 2006. They "reached a complete agreement on all issues surrounding their marriage," and the trial court incorporated their agreement into the divorce decree. *Final Judgment and Decree of Divorce*, 2 (Oct. 6, 2006). The spousal-support provision in the decree states that Jimmy is to pay Cynthia $930 each month in spousal support "until [his] normal retirement age, 62 or 65 years of age, and is subject to the court's continuing jurisdiction or until the death of either party or the remarriage of [Cynthia]." *Id.*

{¶ 3} In January 2015, Jimmy filed a motion to terminate his spousal-support obligation stating that he had turned 62 years of age so his support obligation should terminate. The matter was referred to a magistrate, who overruled the motion. The magistrate interpreted the support provision as saying that Jimmy's obligation would terminate when he was at least 62 years of age *and* retired. He had not yet retired.

{¶ 4} Jimmy filed objections to the magistrate's decision with the trial court. He argued that he has met the sole condition precedent to ending his spousal-support obligation (turning 62) and that he need not also retire. The trial court independently reviewed the matter and, on July 18, 2016, rejected Jimmy's objections and overruled his motion. The court concluded that the spousal-support provision is ambiguous and interpreted it to mean, like the magistrate had, that "Termination of spousal support in this case can occur anytime after the defendant [sic] retires AND reaches at least 62 years." Decision and Judgment, 4, (July 18, 2016).

{¶ 5} Jimmy appealed.

## II. Analysis

{¶ 6} In the sole assignment of error, Jimmy argues that the trial court erred by concluding that the spousal-support provision is ambiguous. Alternatively, he argues that the court failed to give the provision the meaning that the parties plainly intended it to have.

{¶ 7} "Ohio law clearly establishes that a judgment may be interpreted if it is ambiguous. If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute." (Citations omitted.) *Quisenberry v. Quisenberry*, 91 Ohio App.3d 341, 348, 632 N.E.2d 916 (2d Dist.1993). *See also In re Dissolution of Marriage of Seders*, 42 Ohio App.3d 155, 536 N.E.2d 1190 (9th Dist.1987) (saying that "[w]here there is confusion over the interpretation to be given to a particular clause, the trial court in enforcing the agreement has the power to hear the matter, clarify the confusion, and resolve the dispute").

*The spousal-support provision is ambiguous*

{¶ 8} "[N]o clear standard has evolved to determine the level of lucidity necessary for a writing to be unambiguous. * * * When confronted with allegations of ambiguity, a court is to objectively and thoroughly examine the writing to attempt to ascertain its meaning. * * * Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed." *State v. Porterfield,* 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 11; *see also Green v. Green*, 10th Dist. Franklin No. 05AP-484, 2006-Ohio-2534, ¶ 26 (quoting the same).

**{¶ 9}** The spousal-support provision here pertinently states: "The plaintiff shall pay to the Defendant as and for spousal support the sum of Nine Hundred Thirty Dollars ($930.00) per month, until Plaintiff's normal retirement age, 62 or 65 years of age, and is subject to the court's continuing jurisdiction or until the death of either party or the remarriage of the Defendant whichever shall first occur * * *." *Final Judgment and Decree of Divorce*, 2 (Oct. 6, 2006). Arguing against ambiguity, Jimmy points out that the provision specifically refers to his "retirement age," not retirement. Nowhere, Jimmy says, does the provision require him to retire. It only requires that he reach retirement age, he says, which the provision defines as 62 or 65.

**{¶ 10}** We think that the termination language—"until Plaintiff's normal retirement age, 62 or 65 years of age"—is confusing. If the parties intended Jimmy's support obligation to end when he turns 62, why did they refer to retirement? On the other hand, if they intended his obligation to end when he retires provided that he is at least 62, why didn't they just say that? Is the triggering event really Jimmy's turning either "62 or 65 years of age"? Why not 63 or 64? The trial court reasonably determined that the provision does not clearly state when Jimmy's support obligation ends.

*The trial court's interpretation is reasonable*

**{¶ 11}** "The trial court has broad discretion in clarifying ambiguous language * * *." *Seders*, 42 Ohio App.3d at 156, 536 N.E.2d 1190. " 'An interpretive decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion.' " *Quisenberry*, 91 Ohio App.3d at 348, 632 N.E.2d 916, quoting *id.* If an ambiguous provision is a product of the parties' agreement, which the trial court adopted, the court

can clarify the provision by discerning the parties' intention. *McKinney v. McKinney*, 142 Ohio App.3d 604, 609, 756 N.E.2d 694 (2d Dist.2001). The court may also consider "the equities involved." *Seders* at 156 (saying that a court may clarify ambiguous language "by considering not only the intent of the parties but the equities involved").

{¶ 12} The trial court here interpreted the support provision as having two conditions precedent to Jimmy's obligation ending—his retirement and his being at least 62 years of age. Said the court, "where parties agree to a specific terminating event, it is clear and not an 'either/or' situation as stated here: retirement age, 62 or 65 years of age. This language is logical when coupled with an actual event: retirement at a normal retirement age of 62 or 65." *Decision and Judgment*, 4 (Jul. 18, 2016). As the magistrate pointed out, "It is not logical that the termination of spousal support would be defined by age 62 and 65. It is logical that the termination would be defined by plaintiff's retirement at a normal age—62 or 65 or any age in between or even later if plaintiff continued to work." *Magistrate Decision*, 2-3 (Nov. 30, 2015). This makes sense. In addition, we think that the court reasonably could have found that the parties' intent was to have Jimmy's support obligation end when he retired but also ensure that he did not retire too early. In any event, Jimmy is not automatically entitled to modification or termination just because he reached age 62 but was not retired. The trial court's clarification is not an abuse of discretion.

{¶ 13} The sole assignment of error is overruled.

### III. Conclusion

{¶ 14} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, J., and BROGAN, V.J., concur.

(Hon. James A. Brogan, Judge, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

David M. McNamee
L. Anthony Lush
Hon. Denise L. Cross