OPINION
{¶ 1} The parties to this appeal were divorced on January 10, 2002. Plaintiff-Appellant, Lawrence C. Coterel, was then employed by General Motors Corporation. The decree of divorce, which was based on an agreement of the parties, provides:
 {¶ 2} "Plaintiff is a Participant in the General Motors Pension Plan. Defendant shall be entitled to one-half (½) of all benefits accumulated in said pension from Plaintiff's date of hire until the filing of the Final Decree herein. Counsel for Plaintiff shall prepare and file a Qualified Domestic Relations Order [QDRO] naming Defendant as an alternate payee so as to secure her share of Plaintiff's pension."
 {¶ 3} A QDRO was prepared and was approved by the court. Lawrence[1]
subsequently accepted an early retirement plan offer from General Motors. Under that plan, Lawrence receives a reduced basic retirement benefit plus a supplemental retirement benefit. At age sixty-two, the supplemental benefit will terminate, being offset by a Social Security benefit which Lawrence will then be entitled to receive.
 {¶ 4} Because General Motors construed the existing QDRO as dividing Lawrence's basic benefit but not his supplemental benefit, Defendant-Appellee Brenda J. Coterel asked the domestic relations court to "clarify" its QDRO to divide the supplemental benefit as well. The matter was referred to a magistrate, who after hearings issued a decision holding that Lawrence's supplemental retirement benefit should likewise be divided with Brenda by way of an amended QDRO, relying on our decision in Gearhart v. Gearhart (Nov. 19, 1999), Montgomery App. No. 17725.
 {¶ 5} Lawrence filed objections to the magistrate's decision pursuant to Civ.R. 53(E)(3), arguing that Gearhart does not apply to the issue presented and that the magistrate had misinterpreted the terms of the divorce decree. The trial court overruled his objections and ordered amendment of the QDRO to divide the supplemental benefit. Lawrence was also ordered to pay Brenda one-half the amount of his supplemental benefit he had received. Lawrence filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED IN DETERMINING THAT SUPPLEMENTAL BENEFITS COULD BE DISTRIBUTED TO APPELLEE PURSUANT TO A PRIOR QUALIFIED DOMESTIC RELATIONS ORDER."
 {¶ 7} Lawrence presents three contentions in his argument in support of the error he assigns.
 {¶ 8} First, Lawrence contends that the trial court misconstrued the terms of the divorce decree dividing his General Motors Pension, which are quoted above. He argues that by its terms as well as the intention of the parties the decree applies only to his basic retirement benefit and not to his supplemental early retirement benefit.
 {¶ 9} There is no support in the record for this claim. The decree orders "all benefits" which Lawrence receives from the General Motors Pension Plan upon his retirement divided equally with Brenda. No evidence was offered showing that the source of both benefits is anything other than the "General Motors Pension Plan" to which the decree refers, or that the basis for the payments each involves is other than Lawrence's service as a General Motors employee. The domestic relations court was entitled to construe the terms of its decree as they apply to the supplemental benefit. On this record, we find no abuse of discretion.
 {¶ 10} Second, Lawrence contends that his supplemental benefit should be viewed as "income" that may be a basis for spousal support ordered pursuant to R.C. 3105.18 instead of marital property to be divided pursuant to R.C. 3105.171. The decree ordered Lawrence to pay spousal support, and the court "retained jurisdiction" pursuant to R.C.3105.18(E)(1) to modify the support it ordered.
 {¶ 11} This contention was not the basis of the objections to the magistrate's decision that Lawrence filed. Therefore, any error the court committed in not considering the supplemental benefit to be income instead of marital property is waived. Civ.R. 53(E)(3)(d). Even so, no error is portrayed. R.C. 3105.171(A)(3)(a)(iii) classifies retirement benefits as marital property, and pursuant to R.C. 3105.171(C)3) and R.C. 3105.18(B) all marital property must be divided before spousal support is awarded. Therefore, because it must first be divided as marital property, the supplemental benefit cannot be considered as income which is subject instead to division through a spousal support order.
 {¶ 12} Third, Lawrence contends that the domestic relations court misapplied Gearhart, because in Gearhart we approved a Civ.R. 60(B) order vacating a prior decree that failed to divide a similar early retirement benefit, while in the present case the court ordered a modification of its prior QDRO, which it could not do.
 {¶ 13} R.C. 3105.171(I) states: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." Further, because a decree of divorce is a final order, the domestic relations court may subsequently affect or vary its terms only by way of a Civ.R. 60(B) order that vacates the decree or a part of it. However, a QDRO is not a final order. Neither is it relief in the form of a division or disbursement of property or a distributive award. As we explained in Tarbert v. Tarbert (Sept. 27, 996), Clark App. No. 96-CA-0036, and in Gearhart, a QDRO is merely an order in aid of execution on such relief when the court has granted it. It is therefore subject to neither the prohibitions imposed with respect to modification of final orders nor the jurisdictional limitations of R.C. 3105.171(I), so long as the QDRO is not at variance with the decree. Tarbert.
 {¶ 14} The domestic relations court construed its decree dividing Lawrence's pension benefit with Brenda to encompass the supplemental retirement benefit Lawrence elected to receive when he took early retirement. We have found no abuse of discretion in that regard. Modification of the QDRO the court had previously approved so as to include the supplemental benefit is consistent with the decree as the court construed it. The court correctly applied our holding in Gearhart
with respect to division of the supplemental benefit as marital property; indeed, it appears that the same General Motors plan was involved in both cases. The fact that Gearhart involved a Civ.R. 60(B) order vacating a decree while a modification of a QDRO was ordered in the present case presents a distinction without a difference.
 {¶ 15} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, P.J. And Fain, J., concur.
[1] For clarity and convenience, the parties are identified by their first names.