[Cite as *Flint v. Flint*, 2012-Ohio-3379.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| DENISE L. FLINT | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11 CAF 11 0102 |
| GERALD A. FLINT | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 08 DR A 01 0025

JUDGMENT:                 Affirmed


DATE OF JUDGMENT ENTRY:      July 26, 2012


APPEARANCES:

For Plaintiff-Appellee

KAREN L. POLING
EINSTEIN & POLING
5490 Wilcox Place, Suite F
Dublin, Ohio  43016

For Defendant-Appellant

DOUGLAS B. DOUGHERTY
DOUGHERTY, HANNEMAN & SNEDAKER
3010 Hayden Road
Columbus, Ohio  43235

*Wise, J.*

{¶1} Appellant Gerald A. Flint appeals the decision of the Court of Common Pleas, Delaware County, which approved certain proposed QDROs affecting appellant's retirement plans in a post-decree contempt action initiated by Appellee Denise L. Flint, appellant's former spouse. The relevant facts leading to this appeal are as follows.

{¶2} Appellant Gerald and Appellee Denise were married on July 31, 1982. Two children, presently emancipated, were born of the marriage. Appellee filed a complaint for divorce on January 16, 2008, in the Delaware County Court of Common Pleas, Domestic Relations Division. On May 10, 2010, the trial court, via judgment entry, granted the parties a divorce. The decree sets forth, among other things, that four retirement assets are to be divided via a qualified domestic relations order ("QDRO"). These assets are (1) appellant's General Motors 401(k) plan, (2) appellant's Honda 401(k) plan, (3) appellant's General Motors retirement plan, and (4) appellant's Honda retirement plan.

{¶3} On February 22, 2011, appellee filed a motion for contempt against appellant on the issues of spousal support, transference of certain bonds, and issuance of the QDROs. The trial court thereupon issued a show cause order and commanded appellant to appear for a hearing. On April 26, 2011, appellant responded with a motion for attorney fees, essentially alleging that appellee had not taken the necessary actions to finalize the QDROs. The matter proceeded to evidentiary hearings before a magistrate on May 5, 2011 and June 15, 2011.

{¶4} On July 22, 2011, the magistrate issued a decision, specifically addressing neither the contempt motion nor appellant's request for attorney fees. However, the

magistrate decided that appellee's Exhibit 16 would be adopted as the General Motors 401(k) QDRO, that appellee's Exhibit 9, with modifications, would be adopted as the Honda 401(k) QDRO, that appellee's Exhibit 14, with modifications, would be adopted as the General Motors retirement plan QDRO, and that appellee's Exhibit 12, with modifications, would be adopted as the Honda retirement plan QDRO.

{¶5} Appellant filed objections to the decision of the magistrate on August 5, 2011. Appellee filed a memorandum in opposition to the objections on August 19, 2011.

{¶6} On October 4, 2011, the trial court issued a judgment entry finding appellant's objections to be without merit. The court found that the magistrate had properly clarified the QDRO issues, and adopted the magistrate's decision.

{¶7} Appellant filed a notice of appeal on November 2, 2011. He herein raises the following sole Assignment of Error:

{¶8} "I. THE TRIAL COURT ERRED WHEN IT INTERPRETED THE DIVORCE DECREE IN ITS CONSIDERATION OF THE WIFE'S CONTEMPT MOTION WHEN THE HUSBAND HAD NO NOTICE THAT THE COURT WOULD INTERPRET THE DIVORCE DECREE."

I.

{¶9} In his sole Assignment of Error, appellant contends the trial court erred when it allegedly "interpreted" the divorce decree without notice to appellant that it would do so at the contempt hearing. We disagree.

{¶10} We have indeed recognized that under the principle of finality of judgments, a trial court has no authority to reopen an earlier property division order where no appeal was taken from the prior decree and the time to appeal has run.

*Grinder v. Grinder*, Stark App.No. 2001 CA00317, 2002-Ohio-1860, citing *Bean v. Bean* (1983), 14 Ohio App.3d 358, 361, 471 N.E.2d 785. Nonetheless, while a trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment. *Gordon v. Gordon* (2001), 144 Ohio App.3d 21, 24, 759 N.E.2d 431, citing R.C. 3105.171(I). "If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute." *Quisenberry v. Quisenberry* (1993), 91 Ohio App.3d 341, 348, 632 N.E.2d 916 (citations omitted). An appellate court reviews such an interpretive decision by the trial court under a standard of review of abuse of discretion. *Id.*

{¶11} We have also recognized that "[a]t a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard." *Shell v. Shell*, Stark App.No. 2010CA00026, 2010-Ohio-5813, ¶ 24, citing *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. Our analysis in *Himes v. Himes,* Tuscarawas App. No. 2002AP100084, 2003-Ohio-2935, is also noteworthy in the present case. In *Himes*, a QDRO had been signed by the trial court and counsel for both parties and filed in September 1992. Apparently, however, the QDRO was not accepted by the plan administrator. *Id.* at ¶ 4. In October 2002, an Amended QDRO was filed, having been signed by the ex-husband's counsel and the trial court. *Id.* at ¶ 5. The same had been submitted to, but not approved by, the ex-wife's former counsel. *Id.* at ¶ 5. The ex-wife did not learn of the Amended QDRO until a copy was served upon her after the order was filed. The Amended QDRO, among other things, had purportedly

deleted the provision of the original QDRO granting the ex-wife 25% of ex-husband's 401(k) plan. Id. at ¶ 10. We reversed the approval of the amended QDRO, holding as follows: "Since appellant's [ex-wife's] property interests were at stake, appellant should have had the opportunity to contest whether the Amended Qualified Domestic Relations Order substantively changed the terms of the original Qualified Domestic Relations Order that was signed by counsel for both parties." *Id.* at ¶ 11.

**{¶12}** However, under the circumstances of the case sub judice, we hold appellant's present claim fails on two grounds. First, unlike in *Himes*, supra, the trial court was not attempting to improperly modify on a post-judgment basis the terms of the divorce decree or of any *finalized* QDRO. Instead, appellee had submitted a motion for contempt alleging that appellant, inter alia, had "failed and refused to respond to the drafts of the QDROs as prepared" (Contempt Motion at 2), and the magistrate thereupon duly conducted two evidentiary hearings to determine why the retirement benefit division orders in the decree were not being carried out and why the QDROs had not been completed. Secondly, as to appellant's assertion that he was given no notice that the magistrate would treat the contempt hearing as a hearing on a motion to interpret or clarify the QDRO requirements, we note appellant's trial counsel stated the following before the magistrate: "I do think that we should point out also that the original filing that brings us here today and that brought us here on May 5[th] was a contempt citation as opposed to a submission of drafts of the QDRO's; however, as part of the resolution of this process, we're certainly prepared to do that, to submit drafts of the QDRO's." Tr., June 15, 2011, at 9. Appellant's trial counsel then told the magistrate that he and his client had submitted "several drafts" of the QDROs to appellee's counsel and

referenced a draft "that we're submitting to the court today." Id. at 10. Under these circumstances, appellant cannot now maintain that his due process rights were violated due to lack of prior notice about the nature of the proceedings before the magistrate.

**{¶13}**   Appellant's sole Assignment of Error is therefore overruled.

**{¶14}**   For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0625

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DENISE L. FLINT                          :
                                         :
    Plaintiff-Appellee               :
                                         :
-vs-                                     :            JUDGMENT ENTRY
                                         :
GERALD A. FLINT                          :
                                         :
    Defendant-Appellant              :            Case No. 11 CAF 11 0102

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is affirmed.

Costs assessed to appellant.

                                  _____

                                  _____

                                  _____

                                           JUDGES