[Cite as *Jewett v. Jewett*, 2014-Ohio-2343.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| DONALD D. JEWETT, | : | |
| | | CASE NO. CA2013-11-110 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 6/2/2014 |
| - vs - | : | |
| | : | |
| ELIZABETH A. JEWETT, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 96DR21228


Rogers & Greenberg, LLP, Keith R. Kearney, 2160 Kettering Tower, Dayton, Ohio 45423, for plaintiff-appellant

Jeffrey E. Richards, 147 Miami Street, P.O. Box 536, Waynesville, Ohio 45068, for defendant-appellee


**S. POWELL, J.**

{¶ 1} Plaintiff-appellant, Donald D. Jewett, appeals from the decision of the Warren County Court of Common Pleas, Domestic Relations Division, interpreting and clarifying the phrase "accrued benefits" found in the Qualified Domestic Relations Order (QDRO) to include both his so-called "basic" and "supplemental" benefits received from his employer, General Motors, following his most recent divorce from defendant-appellee, Elizabeth A.

Jewett. For the reasons outlined below, we affirm.

{¶ 2} Donald and Elizabeth were first married in 1978 and later divorced in 1996. As it relates to the division of Donald's pension and retirement benefits received from General Motors during their first marriage, the trial court stated as part of its final divorce decree that Elizabeth was to receive "one-half of any benefit accumulated by [Donald] from November 10, 1978 through June 25, 1996."

{¶ 3} Donald and Elizabeth remarried in 2003 only to again divorce in 2011. The final divorce degree following their second marriage included similar language regarding the division of Donald's pension and retirement benefits. Specifically, the final divorce decree stated, in pertinent part, that Elizabeth was to receive an additional benefit of "one-half of the marital portion accumulated" during the parties' second marriage.

{¶ 4} A QDRO was then filed on January 24, 2012. As part of the QDRO, Elizabeth was to receive one-half of the marital portion of Donald's pension benefits as it relates to his "Accrued Benefit under the Plan as of [Donald's] benefit commencement date." Thereafter, Elizabeth began receiving her portion of Donald's pension benefits. However, approximately one year later, the Pension Benefit Guaranty Corporation (PBGC), the trustee of Donald's pension plan, informed Elizabeth that she was only entitled to receive one-half of Donald's "basic" benefits, and not any portion of his "supplemental" benefits.

{¶ 5} On June 14, 2013, Elizabeth filed a motion requesting the trial court clarify the terms of the QDRO as it relates to Donald's pension benefits. After allowing the parties to submit additional briefing on the matter, a magistrate issued its decision finding Elizabeth was entitled to receive one-half of Donald's accrued benefits, regardless of whether those benefits were classified as "basic" or "supplemental" benefits by his employer or PBGC. As the magistrate stated:

> This magistrate finds that the term accrued benefits incorporates any and all benefits that [Donald] was entitled to through his

employment at [General Motors], which would include both the basic and supplemental benefits. There is no logical or equitable reason to find that the term 'accrued benefit' means only the 'basic benefit.'

{¶ 6} Donald filed objections to the magistrate's decision on September 26, 2013. On October 25, 2013, the trial court issued its decision overruling Donald's objections to the magistrate's decision. In so holding, the trial court found neither of the parties' final divorce decrees, nor the QDRO itself, limited the benefits Elizabeth was to receive to Donald's "basic" benefits. Rather, the trial court determined that if Donald's "supplemental benefits accumulated during the times that the parties were married, [Elizabeth] is entitled to half of those benefits as well."

{¶ 7} Donald now appeals from the trial court's decision interpreting and clarifying the QDRO, raising a single assignment of error for review.

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THE TERM 'ACCRUED BENEFITS' INCORPORATES ANY AND ALL BENEFITS THAT THE APPELLANT WAS ENTITLED TO THROUGH HIS EMPLOYMENT, INCLUDING BOTH BASIC AND SUPPLEMENTAL BENEFITS, AND THEREFORE FINDING THAT THE QUALIFIED DOMESTIC RELATIONS ORDER MUST BE MODIFIED TO PROVIDE APPELLEE WITH BOTH BENEFITS, AS SUCH DETERMINATION IS CONTRARY TO LAW BECAUSE IT WOULD PROVIDE THE APPELLEE A BENEFIT THAT VARIES FROM THE TERMS OF THE PARTIES' FINAL DECREE FILED ON DECEMBER 2, 2011.

{¶ 9} In his single assignment of error, Donald argues the trial court erred in its interpretation and clarification of the QDRO by finding the term "accrued benefits" included both his so-called "basic" and "supplemental" benefits he received as part of his pension plan. We disagree.

{¶ 10} "Revised Code 3105.171(I) prohibits a trial court from modifying a previous property division." *Veidt v. Cook,* 12th Dist. Butler No. CA2003-08-209, 2004-Ohio-3170, ¶

10. A QDRO, however, is merely an order in aid of execution, and therefore, not subject to the "prohibitions imposed with respect to modification of final orders nor the jurisdictional limitations of R.C. 3105.171(I), so long as the QDRO is not at variance with the decree." *Coterel v. Coterel*, 2d Dist. Montgomery No. 20899, 2005-Ohio-5577, ¶ 13; *McKinney v. McKinney*, 142 Ohio App.3d 604, 608 (2d Dist.2001); *see also Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, ¶ 7 (stating a QDRO "implements the court's decision of how a pension is to be divided incident to divorce or dissolution"). In turn, "[a] QDRO which is inconsistent with a division ordered in the decree of divorce or dissolution operates to modify the decree, and per R.C. 3105.171(I) the court lacks jurisdiction to enter the QDRO." *Pearl v. Pearl*, 2d Dist. Champaign No. 2012-CA-6, 2012-Ohio-4752, ¶ 11; *Butcher v. Butcher*, 8th Dist. Cuyahoga No. 95758, 2011-Ohio-2550, ¶ 9.

{¶ 11} Nevertheless, "[i]f there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute." *Flint v. Flint*, 5th Dist. Delaware No. 11 CAF 11 0102, 2012-Ohio-3379, ¶ 10, quoting *Quisenberry v. Quisenberry*, 91 Ohio App.3d 341, 348 (2d Dist.1993); *Huckle v. Huckle*, 6th Dist. Erie No. E-02-027, 2003-Ohio-485, ¶ 11. "A trial court has broad discretion in clarifying ambiguous language by considering the parties' intent and the equities involved." *Butcher* at ¶ 10. An interpretive decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion. *Schneider v. Schneider*, 5th Dist. Stark No. 2009CA00090, 2010-Ohio-534, ¶ 10, quoting *Bond v. Bond*, 69 Ohio App.3d 225, 227-228 (9th Dist.1990).

{¶ 12} In this case, it is clear that good faith confusion exists over the proper interpretation of the phrase "accrued benefits" as found in the QDRO, thereby requiring clarification by the trial court. Unfortunately, the phrase "accrued benefits" is not further defined in either of the parties' divorce decrees, nor as part of the applicable QDRO.

However, a nearly identical issue has already been addressed by the Second District Court of Appeals in *Coterel* and *Gearhart v. Gearhart*, 2d Dist. Montgomery No. 17725, 1999 WL 1043894 (Nov. 19, 1999).

{¶ 13} For instance, in *Coterel*, plaintiff-appellant, Lawrence Coterel, argued the trial court erred by finding the phrase "all benefits" included within a final divorce decree encompassed both the "basic retirement benefit plus a supplemental retirement benefit" he received after retiring from General Motors. *Id.*, 2005-Ohio-5577 at ¶ 8. In overruling this argument, the Second District stated, in pertinent part, the following:

> There is no support in the record for this claim. The decree orders "all benefits" which Lawrence receives from the General Motors Pension Plan upon his retirement divided equally with Brenda. No evidence was offered showing that the source of both benefits is anything other than the "General Motors Pension Plan" to which the decree refers, or that the basis for the payments each involves is other than Lawrence's service as a General Motors employee. The domestic relations court was entitled to construe the terms of its decree as they apply to the supplemental benefit. On this record, we find no abuse of discretion.

*Id.* at ¶ 9.

{¶ 14} The Second District's decision in *Coterel* was based on its prior decision in *Gearhart*, a case in which the Second District determined the phrase "accrued benefits" found in a QDRO included both the so-called "basic" and "supplemental" benefits received as part of a pension plan from General Motors. *Gearhart*, 1999 WL 1043894 at *3; *see also Hocker v. Hocker*, 171 Ohio App.3d 279, 2007-Ohio-1671, ¶ 22-28, 39 (2d Dist.) (addressing similar provision regarding allocation of basic and supplemental benefits in a pension plan).

{¶ 15} The Ninth District Court of Appeals also addressed this issue in *Straw v. Straw*, 9th Dist. Lorain No. 04CA008433, 2004-Ohio-4065. In that case, plaintiff-appellant, David Straw, appealed alleging the trial court erred by modifying a QDRO to include a provision allowing his former wife to receive a percentage of his total pension benefits, not merely his

"monthly benefits," after he began receiving "supplemental" benefits upon his retirement from Ford Motor Company. *Id.* at ¶ 3. In overruling this claim, the Ninth District determined that the trial court did not improperly modify the previous property division, but rather, merely clarified "whether 'monthly benefit' includes all benefits paid per that pension monthly to Appellant, or merely a portion of them." *Id.* at ¶ 9. Specifically, in finding no error in the trial court's decision, the Ninth District stated:

> In this case, the original QDRO awarded Appellee a certain percentage of Appellant's "monthly benefit at the time of distribution[.]" The trial court did not add an interest provision; it did not change the amount of a lump sum award; it did not change the date of valuation. Rather, the court merely determined that "monthly benefit" included the entire value Appellant received monthly from his pension. Given the obvious and unambiguous effort of the original court to divide the assets of the marriage equally, the trial court's interpretation of what constitutes Appellant's "monthly benefit at the time of distribution" does not constitute an abuse of discretion. Accordingly, we overrule Appellant's assignment of error.

(Brackets sic.) *Id.* at ¶ 14.

{¶ 16} After a thorough review of the record, and based on the Second District's decisions in *Coterel* and *Gearhart*, as well as the Ninth District's decision in *Straw*, we find the trial court's interpretation and clarification of the QDRO as it relates to the term "accrued benefits" was proper and is consistent with the trial court's clear intent for Elizabeth to receive one-half share of the marital portion of Donald's pension plan, regardless of how those benefits may be classified thereafter. Again, we agree with the Magistrate's finding that "[t]here is no logical or equitable reason to find that the term 'accrued benefit' means only the 'basic benefit.'" Accordingly, having found no error in the trial court's decision, Donald's single assignment of error is overruled.

{¶ 17} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.