[Cite as *Nott v. Stegall*, 2018-Ohio-4471.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

CHANDRA NOTT, ADMN. OF THE
ESTATE OF VICTOR JOHN STEGALL,
DECEASED,                                          CASE NO.  2-18-04

     PLAINTIFF-APPELLANT,

     v.

DEBORAH STEGALL,                                   O P I N I O N

     DEFENDANT-APPELLEE.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 1997-DR-115

Judgment Affirmed

Date of Decision:   November 5, 2018

APPEARANCES:

    *Dianna M. Anelli* for Appellant

    *Rob C. Wiesenmayer, II* for Appellee

**ZIMMERMAN, J.**

{¶1} Plaintiff-Appellant, Chandra Nott, (herein referred to as "Appellant") appeals the judgment of the Auglaize County Common Pleas Court, Domestic Relations Division, granting summary judgment to Deborah Stegall ("Appellee") and awarding Appellee a $2.1 million lump sum judgment. On appeal, Appellant argues that the Domestic Relations Court erred: 1) in granting summary judgment to Appellee; 2) in finding that interest accrued from 10/16/1998 on the entirety of the outstanding property division balance; 3) by modifying the property division in violation of R.C. 3015.171(I); 4) when it accelerated the decedent's, (hereafter referred to as "Dr. Stegall") periodic property division payments; and 5) by awarding Appellee a $2.1 million judgment against Dr. Stegall's estate. For the reasons that follow, we affirm the judgment of the Auglaize County Common Pleas Court, Domestic Relations Division.

*Facts and Procedural History*

*Divorce Decree*

{¶2} On October 16, 1998, Appellee and Dr. Stegall were granted a divorce in the Auglaize County Common Pleas Court, Domestic Relations Division, in case number 97-DR-115. (Doc. No. 62). The divorce decree (the "Decree") was filed the same day. (*Id.*). Pertinent to this appeal, and in regards to the Domestic

Case No. 2-18-04

Relations Court's award of spousal support, the divorce decree provided as

follows:

> The Court further finds that at this time there shall be no payment of
> spousal support fka alimony by Plaintiff [Dr. Stegall] to the
> Defendant [Appellee] or by the Defendant to the Plaintiff. This
> provision of spousal support shall continue solely for the division of
> property and shall be subject to the continuing jurisdiction of the
> Court until such time as the division of property has been
> accomplished. The Court recognizes that the payment on the
> division of property is for maintenance and support of the Defendant
> and therefore is nondischargeable in bankruptcy.

(*Id.* at 6). With respect to the division of marital property, the divorce degree

further provided:

> **THE COURT FURTHER FINDS** that the parties have agreed that
> the Defendant [Appellee] shall receive as her division of the marital
> property and accounts $1,352,826.00 to be paid as follows: $500,000
> shall be paid within sixty (60) days of August 3, 1998. After that,
> *the amount to be paid by the Plaintiff [Dr. Stegall] to the Defendant*
> *shall be $50,000.00 per year at an interest rate of ten (10%) until*
> *paid in full.* The Plaintiff shall designate the Defendant as a
> beneficiary on the pension account to protect or secure her interest in
> this division of property until such time as this division of property
> is complete.
>
> **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**
> that the Plaintiff shall pay to the Defendant $500,000 within (60)
> days of the final hearing of divorce held on August 3, 1998. Further,
> the balance which shall be due and owing to the Defendant shall be
> paid at the rate of $50,000 per year on January 1 of each year *with*
> *ten percent (10%) interest accruing on the unpaid balance, which*
> *includes principle [sic] and interest.*
>
> *In order to protect Defendant's interest, the Plaintiff shall designate*
> *the Defendant as beneficiary on his retirement accounts to protect or*

-3-

> *secure Defendant's interest in the division of property until the division of property is finalized.*
>
> Until such time as the $500,000 has been paid by the Plaintiff to the Defendant, the Plaintiff shall continue to pay temporary spousal support in the amount of $1,027 per week.

(Emphasis added). (*Id.* at 11). Lastly, with respect to the division of property, the divorce decree provided that "the division of property as set forth above is incident to a divorce and is not a taxable event pursuant to IRS Code §408(b)(6) and IRS Code §71(b)(2)(A)." (*Id.* at 13).

### *Post-Decree Filings and Appeals*

**{¶3}** On October 19, 2015, approximately seventeen (17) years after the parties' decree was filed, Dr. Stegall filed a post-judgment motion in the Domestic Relations Division, entitled "Plaintiff's [Dr. Stegall's] Motion to Terminate or Modify Spousal Support." (Doc. No. 172). In that motion, Dr. Stegall requested the Domestic Relations Court to review his property division payments, averring that such "ha[d] nearly reached the end of the term." (*Id*. at 3). However, Dr. Stegall's motion also asserted that the Appellee was seeking an additional $2,025,430 (at the time of the motion's filing) "to complete payment of spousal support pursuant to the Judgment and Final Decree of Divorce." (*Id*.).

**{¶4}** Prior to perfecting service of his post decree motion upon Appellee, Dr. Stegall died on December 7, 2015. (Doc. No. 181). However, Dr. Stegall's

adult daughters, Chandra Nott (Appellant) and Ashley Stegall[1] were substituted as parties in the pending post-decree action. (Doc. No. 190). Service of the post decree motion was perfected upon Appellee on December 31, 2015. (Doc. No. 193).

*Civil Division R.C. 2117.12 Suit*

**{¶5}** Before the Domestic Relations Court ruled on Dr. Stegall's motion to terminate or modify spousal support, Appellee filed a claim against the estate of Dr. Stegall in the Auglaize County Probate Court on February 17, 2016, claiming that the amount of $2,177,973.70 was owed her by the estate, and that such amount represented the unpaid balance due her under the property division award as set forth in the parties divorce decree. (Doc. Nos. 213; 222). Appellant, pursuant to R.C. 2117.11, rejected Appellee's claim against Dr. Stegall's estate, so Appellee filed a complaint (versus Dr. Stegall's estate) in the Auglaize County Court of Common Pleas, Civil Division, in case number 2016-CV-75, requesting $2,177,973.70 from the estate. (*Id.*). Appellee also filed a motion for summary judgment in the Domestic Relations Court. (*Id.*). Appellant filed a memorandum contra to Appellee's motion for summary judgment on September 12, 2016. (Doc. No. 217). On October 16, 2016, the Domestic Relations Court dismissed all pending motions for lack of jurisdiction. (Doc. No. 222).

---

[1] Ashley Stegall resigned her position as co-administrator of the estate prior to the filing of this appeal. (Doc. No. 245).

{¶6} On March 30, 2017, the Auglaize County Common Pleas Court, Civil Division, in case number 2016-CV-75, granted summary judgment to Appellee on her claim against Dr. Stegall's estate. (2016-CV-75, Doc. No. 62). Appellant appealed that decision to this Court in "*Stegall I*," and on December 13, 2017, we sustained Appellant's first assignment of error. *See, Stegall v. Nott*, 3rd Dist. Auglaize No. 2-17-11, 2017-Ohio-8683. We found that the Domestic Relations Court had original and exclusive jurisdiction to interpret the Decree and to determine the amount of Appellee's claim. (*Id.*). Thus, we reversed the Civil Division's decision and remanded the matter to the Domestic Relations Division for further proceedings. (*Id.*).

*Proceedings after Remand*

{¶7} After our remand, Appellant filed a supplemental motion for summary judgment in the Auglaize County Common Pleas Court, Domestic Relations Division on January 19, 2018. (Doc. No. 240). Appellee also filed a supplemental motion in support of summary judgment on February 15, 2018. (Doc. No. 243).

{¶8} On March 7, 2018, the trial court filed its entry on Dr. Stegall's original motion to modify or terminate spousal support. (Doc. No. 245). The trial court found that the language of the Decree mandated that the 10% interest provision accrued upon the unpaid balance of *both* the principal and interest owed Appellee by Dr. Stegall. (*Id.* at 4740). In finding that interest ran on the entire

amount of the property division, the Domestic Relations Court confirmed that Appellee had a valid claim of $2,177,973.70 against Dr. Stegall's estate. (*Id.*). Further, the trial court granted summary judgment in favor of Appellee and dismissed Appellant's motion for summary judgment. (*Id.* at 4741). It is from this judgment that Appellant appeals, and presents the following assignments of error for our review:

## ASSIGNMENT OF ERROR NO. I

**THE DR [DOMESTIC RELATIONS] COURT ERRED IN GRANTING SUMMARY JUDGMENT TO MRS. STEGALL BASED ON SANDRA B. FREEWALT'S IMPROPERLY SUPPORTED CIV.R. 56(E) AFFIDAVIT.**

## ASSIGNMENT OF ERROR NO. II

**THE DR [DOMESTIC RELATIONS] COURT ERRED IN HOLDING THAT INTEREST ACCRUED FROM 10/16/1998 ON THE ENTIRETY OF THE PROPERTY DIVISION BALANCE THAT WAS TO BE PAID OVER TIME.**

## ASSIGNMENT OF ERROR NO. III

**THE DR [DOMESTIC RELATIONS] COURT'S RULING MODIFIES THE PROPERTY DIVISION IN VIOLATION OF R.C. 3015.171(I).**

## ASSIGNMENT OF ERROR NO. IV

**THE DR [DOMESTIC RELATIONS] COURT ERRED WHEN IT ACCELERATED DR. STEGALL'S PERIODIC PROPERTY DIVISION PAYMENTS[,] REDUCING THEM TO A LUMP SUM JUDGMENT OF $2.1 MILLION AS IT LACKED JURISDICTION TO DO SO.**

## ASSIGNMENT OF ERROR NO. V

**THE DR [DOMESTIC RELATIONS] COURT ERRED WHEN IT AWARDED MRS. STEGALL A $2.1 MILLION CLAIM AGAINST DR. STEGALL [SIC] ESTATE[,] AS SUCH A RULING CONSTITUTES MODIFICATION OF THE DIVORCE DECREE.**

{¶9} For ease of analysis, we elect to address interrelated assignments of error together and out of the order in which they were raised.

### *Appellant's Second Assignments of Error*

{¶10} In her second assignment of error, Appellant argues that the trial court erred in finding that interest accrued from the date of the Decree on the entirety of the property division balance. For the reasons that follow, we disagree.

### *Standard of Review*

{¶11} "An interpretive decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion." *Jewett v. Jewett,* 12th Dist. Warren No. CA2013-11-110, 2014-Ohio-2343, 12 N.E.3d 502, ¶ 11, citing *Schneider v. Schneider,* 5th Dist. Stark No. 2009CA00090, 2010-Ohio-534, ¶ 10, *quoting Bond v. Bond,* 69 Ohio App.3d 225, 227-28, 590 N.E.2d 348 (9th Dist.1990). "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Dindal v. Dindal,* 3rd Dist. Hancock No. 5-09-06, 2009-Ohio-3528, ¶ 6.

### *Analysis*

{¶12} "[I]f there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute." *Jewett,* 12th Dist. Warren No. CA2013-11-110, 2014-Ohio-2343, 12 N.E.3d 502, ¶ 11 citing *Flint v. Flint,* 5th Dist. Delaware No. 11 CAF 11 0102, 2012-Ohio-3379, ¶ 10, *quoting Quisenberry v. Quisenberry,* 91 Ohio App.3d 341, 348, 632 N.E.2d 916 (2nd Dist.1993).

{¶13} In this case, it is evident that a "good faith confusion" exists over the interpretation of the property division award contained within the parties' divorce decree. In dispute is the property division award, which provides:

> **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**
> that the Plaintiff [Dr. Stegall] shall pay to the Defendant [Appellee] $500,000 within (60) days of the final hearing of divorce held on August 3, 1998. *Further, the balance which shall be due and owing to the Defendant shall be paid at the rate of $50,000 per year on January 1 of each year with ten percent (10%) interest accruing on the unpaid balance, which includes principle [sic] and interest.*

(Emphasis added). (Doc. No. 62).

{¶14} Prior to his death, Dr. Stegall filed a motion to terminate or modify spousal support. (Doc. No. 172). In the motion, Dr. Stegall contended that he had paid $800,000 of the $852,825 ordered by the Domestic Relations Court. (*Id.*). However, due to a difference in interpretation of the above property division award, Appellee was demanding an additional $2,025,430 (at that time) to

complete the payment of the property division award.  (*Id.*).  This represents the parties' good faith confusion here.

**{¶15}** The trial court, in interpreting the decree provision in question, referred to the plain language in the decree, which specifically provided that ten percent (10%) interest would run on the unpaid balance of the property division, including the principal and the interest.  The trial court justified its interpretation by referencing the decree provision that secured Dr. Stegall's debt (to Appellee) to his retirement account because the decree's payment arrangement placed him in a negative equity position.  (Doc. No. 245 at 4740).  Moreover, the trial court found that Dr. Stegall understood that by paying Appellee only $50,000 a year, his payments to her would never end.[2]  (*Id.*).

**{¶16}** Because a "'trial court has broad discretion in clarifying ambiguous language by considering the parties' intent and equities involved,'" we find that the Domestic Relations Court did not abuse its discretion in interpreting the disputed Decree provision.  *Jewett,* 12th Dist. Warren No. CA2013-11-110, 2014-Ohio-2343, 12 N.E.3d 502, ¶ 11 *quoting Butcher v. Butcher,* 8th Dist. Cuyahoga No. 95758, 2011-Ohio-2550, ¶ 10.  Accordingly, we overrule Appellant's second assignment of error.

### *Appellant's First Assignment of Error*

---

[2] (*See,* Doc. No. 242, Ex. L, Dep. of Dr. Stegall on 11/3/2003, at 19-20).

{¶17} In her first assignment of error, Appellant argues that the Domestic Relations Court erred in granting Appellee's motion for summary judgment, because the affidavit of Sandra B. Freewalt was contrary to prior sworn testimony. We disagree.

*Standard of Review*

{¶18} An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Hancock Fed. Credit Union v. Coppus*, 3rd Dist. Seneca No. 13-15-19, 2015-Ohio-5312, 54 N.E.3d 806, ¶ 15. Trial courts may grant a motion for summary judgment when "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Hamilton v. Hector*, 117 Ohio App.3d 816, 819, 691 N.E.2d 745, 747 (3rd Dist.1997). Additionally, "'upon appeal from summary judgment, the reviewing court should look at the record in the light most favorable to the party opposing the motion.'" *Id*. quoting *Campbell v. Hosp. Motor Inns, Inc.*, 24 Ohio St.3d 54, 58, 493 N.E.2d 239 (1986).

*Analysis*

{¶19} Once the trial court determined that the Decree required interest to run on *both* the principal and interest on the unpaid balance amount from 1998,

there was no *genuine issue of material fact* to be litigated in the trial court. "'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try.'" *Pappas v. Ippolito,* 177 Ohio App.3d 625, 2008-Ohio-3976, 895 N.E.2d 610, ¶ 38 *quoting Norris v. Ohio Std. Oil Co.,* 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1982).

**{¶20}** The parties do not contest that Appellee had a claim against Dr. Stegall's estate for some amount. And, upon the determination as to what that amount was by the trial court, there was no material fact as to what amount Appellee was entitled to.

**{¶21}** Nonetheless, Appellant raises concerns with Appellee's accountant, Sandra B. Freewalt's ("Freewalt"), affidavit being improper under Civ.R. 56(E). Specifically, Appellant argues that Freewalt's testimony in previous hearings indicated that Dr. Stegall's payments to Appellee were being applied to principal only. To support her argument, Appellant directs us to the Ohio Supreme Court's decision in *Byrd v. Smith. Bryd v. Smith,* 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47. In *Byrd,* the Ohio Supreme Court held:

> In summary, in response to the certified question, we answer that when an inconsistent affidavit is presented in support of, or in opposition to, a motion for summary judgment, a trial court must consider whether the affidavit contradicts or merely supplements the affiant's earlier sworn testimony. A movant's contradictory affidavit will prevent summary judgment in that party's favor. A nonmoving party's contradictory affidavit must sufficiently explain the contradiction before a genuine issue of material fact is created.

*Id.* at ¶ 29.

**{¶22}** However, we find Appellant's reliance on *Bryd* misplaced in this case. In *Bryd,* the appellate court rejected the inconsistent affidavit *without considering* Bryd's explanation for the inconsistency or contradiction. *Id.* at ¶ 31. Based on the lack of consideration, the Ohio Supreme Court remanded the matter for further proceedings consistent with their opinion. *Id.* at ¶ 32.

**{¶23}** In the case *sub judice,* we find that the Domestic Relations Court *did consider* Freewalt's alleged "inconsistent" affidavit, finding that issue was "of no consequence to this decision." (*See,* Doc. No. 245 at 4740).

**{¶24}** Here, there is no allegation that the balance as calculated was incorrect, because once the Domestic Relations Court interpreted the disputed provision and held that interest ran on the entire balance of the property division, Freewalt correctly calculated the balance owed to be $2,177,973.70.

**{¶25}** Finding no genuine issue of material fact present before the Domestic Relations Court to preclude summary judgment, we overrule Appellant's second assignment of error.

### *Appellant's Third, Fourth, and Fifth Assignments of Error*

**{¶26}** Because the Domestic Relations Court correctly granted summary judgment to Appellee after it interpreted the language contained within the Decree, we find no merit to Appellant's third, fourth, and fifth assignments of error

relating to modification and acceleration of the property division award. Accordingly, we overrule Appellant's third, fourth, and fifth assignments of error.

{¶27} Having found no error prejudicial to Appellant herein in the particulars assigned and argued, we overrule all of Appellant's assignments of error and affirm the judgment of the Auglaize County Common Pleas Court, Domestic Relations Division.

*Judgment Affirmed*

**PRESTON, J., concurs.**
**SHAW, J., concurs in Judgment Only.**

**/jlr**