[Cite as *Turull v. Turull*, 2019-Ohio-2863.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

ELIZABETH S. REYNOLDS     :
fka TURULL,

             :    CASE NO. CA2018-10-197

  Appellant,

             :    O P I N I O N
                  7/15/2019
 - vs -          :

             :

ROBERTO TURULL,

             :

  Appellee.

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR94-06-1088

Thomas G. Eagle Co., L.P.A., Thomas G. Eagle, 3400 North State Route 741, Lebanon, Ohio 45036, for appellant

Rogers & Greenberg LLP, L. Anthony Lush, 40 North Main Street, Suite 2160, Dayton, Ohio 45423, for appellee

**RINGLAND, J.**

{¶ 1} Appellant, Elizabeth Turull, appeals from the decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting relief to cure an error contained in a Qualified Domestic Relations Order ("QDRO"), following her most recent divorce from appellee, Roberto Turull. For the reasons detailed below, we affirm.

{¶ 2} Elizabeth and Roberto were first married in 1981 and later divorced in 1987. The parties remarried in 1988 only to again divorce in 1994. The Separation Agreement was signed by the parties on June 16, 1994. As it relates to Roberto's pension and retirement

benefits:

> The Wife shall be granted a Qualified Domestic Relations Order granting to her fifty percent (50%) of the portions of the Husband's Pension and 401(k) plans available through his place of employment, which accrued between the period of January 23, 1988 to May 31, 1994. This Qualified Domestic Relations Order is to be applied toward any pension, 401(k), employee savings plans, stock ownership plans, and any and all other such ERISA benefits or assets held through the Husband's place of employment.

Jurisdiction was not reserved. In fact, the Separation Agreement stated "[i]t is hereby specifically agreed that the Court shall not reserve or retain jurisdiction over this matter unless specifically stated otherwise herein."

**{¶ 3}** The QDRO was filed July 21, 1994 and signed by the trial court. Unfortunately, the QDRO incorrectly identified the year of marriage and inserted language that served to confuse the benefit award.

**{¶ 4}** The QDRO was rejected by the plan administrator and an amended QDRO was filed with the trial court on August 3, 2006. The First Amended QDRO was also rejected by the plan administrator. Therefore, a Second Amended QDRO was filed with the trial court on November 13, 2006. However, the language contained in the Second Amended QDRO varied from the trial court's original order and enhanced the benefit for Elizabeth. The Second Amended QDRO stated:

> The Plan Administrator of the Plan shall assign to the Alternate Payee the right to receive an amount equal to 50% of the "marital portion" of the Participant's benefit accrued as of the date Alternate Payee's benefit commences or as of Participant's retirement. *For these purposes, the "marital portion" of the Participant's benefit is a fraction of the entire benefit, the numerator of which is the number of years of marriage, and the denominator of which is the number of years of continuous service as of May 31, 1994.* The Participant and Alternate Payee were married from January 23, 1988 to May 31, 1994, the *de facto* termination of the marriage. *The Alternate Payee is also entitled to 50% of the coverture fraction of Participant's early retirement supplement or subsidy, if any. The Alternate Payee*

- 2 -

*shall receive and be eligible for a pro-rata share of any post-retirement enhancements to the Plan benefits.*

(Emphasis added). Thus, the Second Amended QDRO changed the calculation of the benefit by changing the coverture fraction denominator to "number of continuous service as of May 31, 1994," instead of the total years of Roberto's employment. The Second Amended QDRO also added post-retirement enhancements and survivor benefits not addressed in the Separation Agreement or Decree.

{¶ 5} Roberto filed a motion for relief from judgment under Civ.R. 60(B) along with a motion for clarification on October 6, 2017. In response, Elizabeth filed a motion to dismiss. The magistrate issued a decision granting Elizabeth's motion to dismiss. Roberto filed objections. The trial court sustained Roberto's objections and granted his request for relief under Civ.R. 60(B)(4) and (5). The trial court found that Roberto was entitled to relief to cure the unjust operation of the Second Amended QDRO. In this instance, the trial court found the Second Amended QDRO was inconsistent with the division of property ordered in the Judgment Entry and Final Decree of Dissolution of Marriage and, as such, operated as an improper modification of the final decree. Elizabeth now appeals, raising a single assignment of error for review:

{¶ 6} THE TRIAL COURT ERRED IN OVERRULING WIFE'S MOTION TO DISMISS AND GRANTING HUSBAND'S 60(B) MOTION.

{¶ 7} In her sole assignment of error, Elizabeth argues the trial court erred by granting Roberto's motion for relief under Civ.R. 60. Elizabeth's assignment of error is without merit.

{¶ 8} Pursuant to Civ.R. 60(B), "the court may relieve a party or his legal representative from a final judgment, order or proceedings" for the following reasons:

mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

- 3 -

discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 9} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Electric v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 10} The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Purcell v. Schaefer*, 12th Dist. Preble No. CA2013-09-007, 2014-Ohio-4894, ¶ 26; *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 17. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} "Revised Code 3105.171(I) prohibits a trial court from modifying a previous property division." *Veidt v. Cook*, 12th Dist. Butler No. CA2003-08-209, 2004-Ohio-3170, ¶ 10. "A QDRO, however, is merely an order in aid of execution, and therefore, not subject to the 'prohibitions imposed with respect to modification of final orders nor the jurisdictional limitations of R.C. 3105.171(I), so long as the QDRO is not at variance with the decree.'" *Jewett v. Jewett*, 12th Dist. Warren No. CA2013-11-110, 2014-Ohio-2343, ¶ 10, quoting *Coterel v. Coterel*, 2d Dist. Montgomery No. 20899, 2005-Ohio-5577, ¶ 13. *See also Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, ¶ 7 (stating a QDRO "implements the court's

decision of how a pension is to be divided incident to divorce or dissolution"). "A QDRO which is inconsistent with a division ordered in the decree of divorce or dissolution operates to modify the decree, and per R.C. 3105.171(I) the court lacks jurisdiction to enter the QDRO." *Id.*, citing *Pearl v. Pearl*, 2d Dist. Champaign No. 2012-CA-6, 2012-Ohio-4752, ¶ 11.

{¶ 12} The Ohio Supreme Court has held that "in determining the proportionality of the pension or retirement benefits, the non-employed spouse, in most instances, is only entitled to share in the actual marital asset." *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 182 (1990). As such, "[t]he value of this asset would be determined by computing the ratio of the number of years of employment of the employed spouse during the marriage to the total years of his or her employment." *Id.*

{¶ 13} As such, the numerator, for purposes of dividing the relevant retirement funds, is the term of the marriage. In this case, the parties' marriage was between January 23, 1988 and May 31, 1994. The denominator, under well-settled law, is the total years of employment by the employed spouse. *Hoyt* at 182.

{¶ 14} The Second Amended QDRO significantly changed the ratio by defining the denominator as "the number of years of continuous service as of May 31, 1994," which is a patent flaw. This is because, as noted above, the denominator is the total years of Roberto's employment, not the much smaller number as advocated by Elizabeth.

{¶ 15} Elizabeth maintains that the change contained in the Second Amended QDRO was the result of extensive negotiation and consent.[1] However, as noted above, the trial court did not reserve jurisdiction to modify the property division. Because the QDRO is merely an order in aid of execution ordered by the final decree, it must be consistent.

---

1. We also note the trial court's prior order entered on July 31, 2006 stated "Counsel for [Elizabeth] submitted an Amended QDRO to Case Management, which is signed by counsel and Defendant. * * * [Elizabeth's] motion was to submit an amended QDRO, not amend the Decree itself."

Contrary to those principles, the Second Amended QDRO significantly modified the pension division and, as a result, was voidable for error. *See Pearl*, 2012-Ohio-4752 at ¶ 16. As a result, we find the trial court did not err by granting Roberto's motion for relief from judgment under Civ. R. 60.

{¶ 16} Finally, we reject Elizabeth's arguments that: (1) Roberto's motion was untimely, (2) she was deprived of due process, and (3) the trial court erred by not holding an evidentiary hearing after concluding that her motion to dismiss should be denied. As noted above, the matter was heard by the trial court, which properly found that there was a voidable error in the Second Amended QDRO that was inconsistent with the final decree. In this case, the trial court appropriately found that Roberto was entitled to relief to cure the unjust operation of the Second Amended QDRO. Elizabeth's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.