[Cite as *Negron v. Santini*, 2020-Ohio-5458.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| NORA I. NEGRON, | : | |
| Appellant, | : | CASE NO. CA2020-03-021 |
| | : | O P I N I O N |
| - vs - | | 11/30/2020 |
| | : | |
| RAMON A. SANTINI, | : | |
| Appellee. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 12DR35493


John E. Sharts, P.O. Box 350, Springboro, Ohio 45066, for appellant

Patricia N. Campbell, 90 E. Franklin Street, Bellbrook, Ohio 45305, for appellee


**RINGLAND, J.**

{¶1}  Appellant, Nora Negron, appeals from the decision of the Warren County Court of Common Pleas, Domestic Relations Division, denying her renewed motion to dismiss a motion for recoupment of overpaid retirement funds, following her divorce from appellee, Ramon Santini.  For the reasons detailed below, we affirm.

{¶2}  At issue is the division of the parties' retirement, 401K plan accounts.

Pursuant to the terms of the divorce decree and separation agreement, the parties were to divide equally the marital portion of their accounts, defined as the period between May 18, 1996 and December 31, 2011. The separation agreement provided that the court "shall retain jurisdiction over the division of the retirement accounts to effectuate the parties [sic] intent in dividing the 401(K)s."

{¶3} Ramon filed a Qualified Domestic Relations Order ("QDRO") to divide his 401K plan with the dates specified in the divorce decree. However, the Plan Administrator rejected the QDRO on the basis that a date of August 20, 2013 must be used to divide the plan because the Plan Administrator had no records of account balances prior to that date since it was not the Plan Administrator until that date.

{¶4} Ramon filed an amended QDRO specifying the August 20, 2013 date. The Plan Administrator approved the plan and divided the account pursuant to the dates in the amended QDRO. However, due to additional contributions made by Ramon following the agreed upon termination date of the marriage, Nora received more than one-half of the marital share of Ramon's 401K plan as provided in the separation agreement and divorce decree.

{¶5} Because of this overpayment, Ramon moved to vacate the amended QDRO. At the hearing, the parties agreed to execute a second amended QDRO specifying that Nora was to receive a specific dollar amount of $43,985.65 from Ramon's 401K plan.

{¶6} The Plan Administrator rejected the second amended QDRO. The Plan Administrator maintained that the second amended QDRO could not be processed because the first amended QDRO segregated Ramon's account and, once segregated, the Plan Administrator could not recoup the funds relegated to Nora.

{¶7} On October 12, 2018, Ramon filed a motion for recoupment of overpaid retirement funds. Nora responded by filing a motion to dismiss Ramon's motion for

recoupment. During the April 3, 2019 hearing, the parties reached an agreement resolving both motions. The agreement was memorialized in an agreed entry and signed by both parties and their respective attorneys. The agreed entry stated:

> [T]he parties reached the following agreement, which resolves both motions. The parties agree that [Nora] received $19,912.40 more than she should have from [Ramon's] RELX Inc. (fka Reed Elsevier) retirement account. Therefore [Ramon's] counsel shall prepare the documents necessary to transfer the $19,912.40 by way of a Qualified Domestic Relations Order (QDRO) from [Nora's] account into an account in [Ramon's] name. This shall NOT include gains and/or losses.

{¶8} Despite the agreed entry, on July 18, 2019, Nora filed a renewed motion to dismiss Ramon's motion for recoupment. The trial court held a hearing on August 5, 2019. Following the hearing, the magistrate issued a written decision overruling Nora's renewed motion and ordered that she comply with the terms of the agreed entry by immediately transferring $19,912.40 to another retirement account to which a QDRO could issue or, in the alternative, pay Ramon the agreed upon funds in cash. Nora objected to the magistrate's decision, which the trial court then overruled. Nora now appeals, raising three assignments of error for review.

{¶9} Assignment of Error No. 1:

{¶10} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT BY EXERCISING JURISDICTION TO RELIEVE DEFENDANT/APPELLEE FROM CONSEQUENCES OF HIS INVITED ERRORS.

{¶11} Assignment of Error No. 2:

{¶12} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT BY EXERCISING JURISDICTION ON BEHALF OF DEFENDANT/APPELLEE WITHOUT APPLICATION OF CIV.R. 60(B) PROCEDURE.

{¶13} Assignment of Error No. 3:

{¶14} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT BY AFFIRMING THE MAGISTRATE'S DECISION OF AUGUST 21, 2019, BY ITS ENTRY OF FEBRUARY 25, 2020.

{¶15} We will address Nora's assignments of error together. Despite the agreed entry, Nora argues that the trial court erred by overruling her objections to the magistrate's decision and ordering her to repay Ramon the $19,912.40 overpayment as a result of the first amended QDRO. Nora's arguments are without merit.

{¶16} "Revised Code 3105.171(I) prohibits a trial court from modifying a previous property division." *Veidt v. Cook,* 12th Dist. Butler No. CA2003-08-209, 2004-Ohio-3170, ¶ 10. "A QDRO, however, is merely an order in aid of execution, and therefore, not subject to the 'prohibitions imposed with respect to modification of final orders nor the jurisdictional limitations of R.C. 3105.171(I), so long as the QDRO is not at variance with the decree.'" *Jewett v. Jewett,* 12th Dist. Warren No. CA2013-11-110, 2014-Ohio-2343, ¶ 10, quoting *Coterel v. Coterel,* 2d Dist. Montgomery No. 20899, 2005-Ohio-5577, ¶ 13. *See also Wilson v. Wilson,* 116 Ohio St.3d 268, 2007-Ohio-6056, ¶ 7 (stating a QDRO "implements the court's decision of how a pension is to be divided incident to divorce or dissolution").

{¶17} Initially, we note that the invited error doctrine does not apply to this case in the manner in which Nora argues. Under the invited error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make. *Poneris v. A & L Painting, L.L.C.,* 12th Dist. Butler Nos. CA2008-05-133 and CA2008-06-139, 2009-Ohio-4128, ¶ 41. Here, the parties, namely Ramon, have had trouble effectuating a QDRO. However, in no way, did Ramon take advantage of an error he induced the trial court to make. Rather, we agree with the trial court that the issues now raised by Nora have been resolved in the agreed entry.

{¶18} A judgment entry to which the parties voluntarily agree, or consent is

- 4 -

essentially a contract between the parties. *Deutsche Bank Natl. Trust Co. Americas v. Weber*, 12th Dist. Butler No. CA2009-10-264, 2010-Ohio-1630, ¶ 13. As such, the parties are bound by its terms. *Id.*

{¶19} Furthermore, this court has held that "'[a] party to a consent decree or other judgment entered by consent may not appeal unless it explicitly reserves the right to appeal. The purpose of a consent judgment is to resolve a dispute without further litigation, and so would be defeated or at least impaired by an appeal. The presumption, therefore, is that the consent operates as a waiver of the right to appeal. It is because the parties should not be left guessing about the finality and hence efficacy of the settlement that any reservation of a right to appeal should be explicit.'" *Id.*, quoting *Tradesmen Internatl. v. Kahoe*, 8th Dist. Cuyahoga No. 74420, 2000 Ohio App. LEXIS 1062, *7 (March 16, 2000). *See also Bromley v. Hinton & Keith Dev.*, 9th Dist. Summit No. 20730, 2002-Ohio-1249, ¶ 14 (consent order conclusive between the parties).

{¶20} In the present case, the agreed entry states that the "parties agree that [Nora] received $19,912.40 more than she should have from [Ramon's] RELX Inc. (fka Reed Elsevier) retirement account," which is what gave rise to the need for a second amended QDRO. Thus, since the QDRO is merely an order in aid of execution, the trial court was not constrained by R.C. 3105.171(I) in effectuating the parties' agreed entry. The agreed entry attempted to rectify this overpayment by directing the parties to file a QDRO to transfer the $19,912.40 from Nora's account to Ramon's account.

{¶21} Despite the agreed entry, Nora and her counsel attempted to undo their agreement with the filing of the renewed motion to dismiss. However, following review, we find the trial court did not err by overruling Nora's objections to the magistrate's decision. As properly found by the trial court, the parties agreed that there had been an overpayment and the parties' reached a reasonable and proper method of correcting the problem with

the adoption of the agreed entry.  The agreed entry did not provide for any reservation of a right to appeal.  In sum, Nora, with her counsel, agreed to the terms of the agreed entry, which included the signatures of all parties and the Judge.  Nora agreed to these terms and she must now abide by the agreement.  Nora's three assignments of error are overruled.

{¶22}  Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.